OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously affirmed.
On September 28, 2002, Frederick Maute, the owner of a home in Tuxedo, New York, which he had leased to defendant, went there to show it to a prospective tenant. When he entered the home, he found the first floor covered with feces, a small dog running around, and most of the furniture removed from the home. Defendant was not there. He contacted local authorities, who put him in touch with the Humane Society. He returned a few days later with representatives of the Humane Society. Upon entering the house, they saw that there was no electricity in the house, and that there was garbage strewn about and many piles of dog feces in various locations. The small dog had no food or water available to it. In the basement, which was covered with urine and approximately 50 piles of dog feces, some of which were so old that they had accumulated mold, they found “Casey,” a large Great Pyrenees dog, lying in her blood, too weak to move. There was no water and very little food available. Casey had open bleeding and ulcerated sores on her underside. She was removed from the premises and died that same night. Subsequent investigation revealed that Casey had been seen by a veterinarian on July 31, 2002, who told defendant that she had an ulcerated tumor. An appointment for a chest X ray had been made for the following week, in order to determine whether or not the tumor was operable, but defendant did not show up for that appointment, and did not seek further medical treatment for Casey. Defendant was charged with one count of “[o]verdriving, torturing and injuring animals; failure to provide proper sustenance,” in violation of Agriculture and Markets Law § 353 and, after a jury trial, was found guilty.
Agriculture and Markets Law § 353 provides in pertinent part that
*103 “[a] person who . . . deprives any animal of necessary sustenance, food or drink, or neglects or refuses to furnish it such sustenance or drink, or causes, procures or permits any animal to be . . . deprived of necessary food or drink, or who wilfully ... in any way furthers any act of cruelty to any animal... is guilty of a class A misdemeanor.”
In its charge to the jury, the court stated that the term “sustenance” was distinguishable from the term “food or drink,” and under the statute, the term meant the provision of “veterinary care and shelter adequate to maintain health and comfort.” Defendant contends that the court erred in defining the term “sustenance” in this way and that the term instead should have been given its ordinary meaning. Although there is little case law construing the term, in People v O’Rourke (83 Misc 2d 175, 178 [Grim Ct, NY County 1975]), the failure to supply necessary medical attention to a limping animal was held to fall within the parameters of the statute. We likewise find that the jury charge defining sustenance to include veterinary care and adequate shelter to maintain the dog’s health and comfort properly conveyed the appropriate law.
With respect to defendant’s claim that her sentence, insofar as she was required to serve four consecutive weekends of incarceration, was excessive, since the Probation Department had recommended a lesser sentence, we note that a sentencing recommendation made by the Probation Department is not binding upon the sentencing court, which is free to reject the recommended penalty as inadequate (see People v Semkus, 122 AD2d 287 [1986]; People v Arogundy, 112 AD2d 1003 [1985]). Accordingly, we reject defendant’s excessive sentence claim.
We have examined defendant’s remaining contentions and find them to be without merit.
Rudolph, PJ., Angiolillo and McCabe, JJ., concur.