[908 NYS2d 520]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STACEY ROMANO, Appellant.

Supreme Court, Appellate Term, First Department, August 24, 2010

## APPEARANCES OF COUNSEL

*Legal Aid Society*, New York City, for appellant. *Cyrus R. Vance, Jr., District Attorney*, New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

Judgment of conviction rendered February 6, 2006, affirmed.

Defendant was charged with animal cruelty under Agriculture and Markets Law § 353[1] and for falsely reporting an incident related to the animal cruelty charge. At trial, the People prosecuted the animal cruelty charge on the theory that defendant "unjustifiably injure[d]" her dog by failing to groom it for a prolonged period of time and by failing to seek medical care for the dog after it was or should have been clear to defendant that the animal required such care. The jury returned a verdict finding defendant guilty of both crimes.

Defendant asserts that Agriculture and Markets Law § 353, on its face or as applied to her, is unconstitutionally vague, and

---

**1.** That statute states:

"A person who overdrives, overloads, tortures or cruelly beats or unjustifiably injures, maims, mutilates or kills any animal, whether wild or tame, and whether belonging to himself or to another, or deprives any animal of necessary sustenance, food or drink, or neglects or refuses to furnish it such sustenance or drink, or causes, procures or permits any animal to be overdriven, overloaded, tortured, cruelly beaten, or unjustifiably injured, maimed, mutilated or killed, or to be deprived of necessary food or drink, or who wilfully sets on foot, instigates, engages in, or in any way furthers any act of cruelty to any animal, or any act tending to produce such cruelty, is guilty of a class A misdemeanor and for purposes of paragraph (b) of subdivision one of section 160.10 of the criminal procedure law, shall be treated as a misdemeanor defined in the penal law."

that her conviction under that statute must be reversed. Essentially, defendant argues that the phrase "unjustifiably injures" is too vague to pass constitutional muster.[2] We reject this contention.

A proscriptive statute must afford reasonable notice of the conduct prohibited by the statute, otherwise it is unconstitutionally vague and therefore void (*People v Stuart*, 100 NY2d 412, 418 [2003]). A statute is not vague if it (1) is sufficiently definite to give a person of ordinary intelligence fair notice that his or her contemplated conduct is proscribed by the statute, and (2) provides officials with clear standards of enforcement (*id.* at 420). Where, as here, the defendant asserts that a statute is vague on its face or, alternatively, vague as applied to the defendant, the court must first ascertain whether the statute is vague as applied to the defendant (*id.* at 422). If the court concludes that the statute is not vague as applied to the defendant and rejects the as-applied challenge, then the court must also reject the facial challenge to the statute; because the statute constitutionally applies to at least one person—the defendant—it cannot be vague on its face (*id.* at 422-423). In this regard, to survive a void-for-vagueness challenge the statute must afford adequate warning that the particular conduct in which the defendant engaged is proscribed (*see People v Nelson*, 69 NY2d 302 [1987]; *Matter of Mitchell v Fischer*, 300 AD2d 490 [2002]; *see also People v Stuart*, 100 NY2d at 421).

■ Considering defendant's vagueness challenge in light of the facts underlying this appeal and the strong presumption that legislative enactments are constitutional, we conclude that the phrase "unjustifiably injures," as used in Agriculture and Markets Law § 353, is sufficiently definite to give a person of ordinary intelligence fair notice that conduct such as that engaged in by defendant is proscribed by the statute, and provides officials with clear standards of enforcement. The statute delineates conduct easily avoided by the innocent-minded (*see People v Nelson*, 69 NY2d at 307). A citizen can readily comprehend that he or she must refrain from causing unjustifiable injury to a domestic pet by failing (1) to groom the animal

---

2.  Defendant also argues that the phrase "necessary sustenance" is unconstitutionally vague, since that phrase does not afford notice to a pet owner that it is a crime not to provide medical care to a sick pet. We need not and do not reach this issue, as the People's trial theory was that defendant "unjustifiably injure[d]" the dog, not that she deprived the dog of "necessary sustenance." Notably, too, the jury was not asked to consider whether defendant deprived the dog of "necessary sustenance."

for several months and (2) to seek medical care for the animal when clear, objective signs are present that the animal needs such care (*see generally id.*). Notably, in light of the significant physical maladies the dog developed—as a result of defendant's neglect of the animal—and the odor the dog emitted as a result of those maladies, no reasonable pet owner would fail to seek medical care for the animal. Indeed, the consciousness of guilt evidence adduced by the People demonstrated that defendant knew she had neglected the animal and caused it to suffer unnecessary pain. Moreover, neglecting the grooming needs of a domestic pet to the point it develops medical problems and requires medical care cannot be characterized as "inherently innocent" conduct (*cf. People v Bright*, 71 NY2d 376, 383 [1988]).

 Turning to defendant's legal sufficiency arguments, even assuming in defendant's favor that these arguments are preserved for appellate review, they are without merit. The evidence, viewed in the light most favorable to the People, was legally sufficient to establish defendant's guilt (*see People v Danielson*, 9 NY3d 342, 349 [2007]) of animal cruelty (Agriculture and Markets Law § 353) and falsely reporting an incident in the third degree (Penal Law § 240.50 [3] [c]). The trial evidence, including the testimony of the experienced veterinarian who treated the animal, established that the dog, which undisputedly belonged to defendant, had not been groomed for a prolonged period of time, causing the dog to develop considerable (yet preventable) medical problems that caused it to suffer pain. The People's evidence also established that defendant failed to seek medical care for the dog—care that was necessitated by defendant's neglect of the animal—despite clear, objective signs that the animal needed medical attention. Furthermore, the evidence established beyond a reasonable doubt that defendant, in a written statement voluntarily provided to the law enforcement officer investigating the dog's condition, falsely reported both that another person had custody of the dog in the three-month period preceding the date on which defendant signed the statement and that the dog's maladies developed during that period. Moreover, after applying the appropriate standard of review to the testimonial, documentary and consciousness of guilt evidence (*see Danielson* at 348-349), we conclude that the verdict was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Defendant's argument that Criminal Court erred in restoring the case to the calendar after it had been adjourned in contem-

plation of dismissal is without merit, as are her largely unpreserved contentions regarding alleged trial errors. We have considered and rejected defendant's remaining arguments.

McKEON, P.J., SCHOENFELD and SHULMAN, JJ., concur.