1102

[909 NYS2d 336]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v NATHANIEL
STROMAN, Defendant.

Criminal Court of the City of New York, New York County, September 30, 2010

APPEARANCES OF COUNSEL

*Robert Briere* for defendant. *Cyrus R. Vance, Jr., District Attorney* (*Richard Freud* of counsel), for plaintiff.

## OPINION OF THE COURT

FELICIA A. MENNIN, J.

The defendant, Nathaniel Stroman, is charged with aggressive begging in a public place (Administrative Code of City of NY § 10-136 [b] [1]). He moves for an order dismissing the accusatory instrument pursuant to Criminal Procedure Law § 170.30 (1) (a) and § 170.35 (1) (c) as brought under a statute which is unconstitutionally void for vagueness and overbreadth and for other relief addressed below.

## Constitutional Challenge

The self-authenticating complaint presents, in pertinent part, the following factual allegations:

> "On May 19, 2010, between 12:00 hours and 12:58 hours, in front of 711 Seventh Avenue, in the County and State of New York, deponent (Police Officer Garrett Pearsall) observed defendant Nathaniel Stroman, defendant Quintin Smith, defendant Christopher Martinez, separately charged defendant Frank Delgado (M10644889), separately charged defendant Christophe Biu (M10644908), and separately charged defendant Roland Benjamin (M10644905) each do all of the following multiple times throughout the 58 minute observation by deponent: (i) stand in the middle of the sidewalk with the above-named individuals at the above location, to wit a public place, in a horizontal line across the sidewalk; (ii) each hold a CD out in front of them [*sic*] in their [*sic*] hand; (iii) each approach pedestrians who are passing by and push the CD in front of the pedestrian's face; (iv) each ask the pedestrian if they [*sic*] want a CD; (v) each then ask for money in exchange for the CD while blocking the pedestrians [*sic*] path; (vi) each sign a CD when a pedestrian provided money for the CD; and (vii) each grab the CD back from the pedestrian's hands if that pedestrian did not give them money.
>
> "Deponent further states that during the 58 minute

observation this group approached more than twenty-five (25) pedestrians.

"Deponent further states that deponent recovered at least one (1) marker and at least twenty (20 to thirty 30) CDs from defendant Stroman, defendant Martinez, separately charged defendant Delgado, separately charged defendant Biu and separately charged defendant Benjamin."

The defendant is charged with aggressive begging in a public place in violation of Administrative Code § 10-136 (b) (1), which provides that "[n]o person shall solicit, ask or beg in an aggressive manner in any public place."

"Aggressive manner" is defined in pertinent part in the statute (Administrative Code § 10-136 [a] [1]) as follows:

"(a) Approaching or speaking to a person, or following a person before, during or after soliciting, asking or begging, if that conduct is intended or is likely to cause a reasonable person to (i) fear bodily harm to oneself or to another, damage to or loss of property, or the commission of any offense as defined in section ten of the penal law upon oneself or another, or (ii) otherwise be intimidated into giving money or other thing of value, or (iii) suffer unreasonable inconvenience, annoyance or alarm . . .

"(c) Intentionally blocking or interfering with the safe or free passage of a pedestrian or vehicle by any means."

"Solicit, ask or beg" is defined in the statute (Administrative Code § 10-136 [a] [2]) as follows: " 'Solicit, ask or beg' shall include using the spoken, written, or printed word, or bodily gestures, signs or other means with the purpose of obtaining an immediate donation of money or other thing of value or soliciting the sale of goods or services."

Defendant Stroman argues that Administrative Code § 10-136 is void for vagueness because, he contends, "a person of common intelligence would have to guess when they [sic] were unreasonably inconveniencing or annoying someone while 'soliciting, asking, or begging' from them in a public place." The court disagrees. "A proscriptive statute must afford reasonable notice of the conduct prohibited by the statute, otherwise it is unconstitutionally vague and therefore void . . . ." (*People v Romano*, 29 Misc 3d 9, 11 [App Term, 1st Dept 2010].) Administrative Code § 10-136 (b) (1) gives such reasonable notice. The

defendant appears to have focused his attention only on the definition of "[a]ggressive manner" found in Administrative Code § 10-136 (a) (1) (a). He overlooks the alternative definition contained in Administrative Code § 10-136 (a) (1) (c), which prohibits soliciting, asking or begging by "[i]ntentionally blocking or interfering with the safe or free passage of a pedestrian or vehicle by any means." This subparagraph does not require the would-be solicitor to ponder whether his actions would somehow unreasonably inconvenience or annoy someone. Nor does it make such blocking or interference a strict liability offense; for conviction, the People must prove that the defendant "[*i*]*ntentionally* block[ed] or interfer[ed] with the safe or free passage of a pedestrian." (*Id.* [emphasis added].)

█ The accusatory instrument alleges that the defendant and the others arrested with him—numbering six individuals altogether—formed a line across the sidewalk along a major thoroughfare and thrust their CDs into the faces of passersby. It stands to reason that positioning themselves in such a manner would likely interfere with the free passage of pedestrians along that sidewalk. A "person of common intelligence" would not have to guess that such activity would be prohibited. The statute is not void for vagueness.

█ Equally uncompelling is the defendant's argument that the statute is overbroad. Begging or soliciting charitable donations in public is, of course, constitutionally protected speech. (*See Schaumburg v Citizens for a Better Environment*, 444 US 620, 629 [1980]; *People v Barton*, 8 NY3d 70, 75 [2006].) It is also true that the sidewalks of this city are a public forum. (*Perry Ed. Assn. v Perry Local Educators' Assn.*, 460 US 37, 45 [1983]; *Loper v New York City Police Dept.*, 999 F2d 699, 704 [2d Cir 1993].) However, government may limit the time, place and manner of solicitation of contributions on those sidewalks under its so-called police power if the restriction is content-neutral and aimed at advancing the public interest. (*See Clark v Community for Creative Non-Violence*, 468 US 288, 292 [1984]; *People v Ndiaye*, 26 Misc 3d 212, 217 [Crim Ct, NY County 2009].)

The City has a public interest in keeping already overcrowded sidewalks from become impassable. (*See Mastrovincenzo v City of New York*, 435 F3d 78, 82 [2d Cir 2006].) The statute in question here, Administrative Code § 10-136 (b) (1), was enacted, the legislative history tells us, to protect "pedestrians . . . [from] abusive language, unwanted physical contact, or the

intentional blocking of pedestrian and vehicular traffic" and "from the fear and intimidation accompanying certain kinds of solicitation that have become an unwelcome and overwhelming presence in the city." (Local Law No. 80 [1996] of City of NY § 1.) Administrative Code § 10-136 (b) (1) does not ban the solicitation of contributions, just those solicitations that intimidate other persons or impede pedestrian or vehicular traffic.

Accordingly, defendant Stroman's motion for an order dismissing the accusatory instrument as having been brought pursuant to an unconstitutional statute is hereby denied.

### Reservation of Rights

The defendant's motion to reserve the right to make further motions is hereby denied. However, upon good cause shown, the court will permit him to make additional motions.

### Reciprocal Discovery

The People's motion to compel limited reciprocal discovery pursuant to CPL 250.20 is granted.