# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**559**

**KA 09-00322**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANTHONY JOHNSON, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (SUSAN C. AZZARELLI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered December 3, 2008.  The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him, following a jury trial, of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]).  Defendant contends that, because the jury acquitted him of attempted robbery in the first degree (§§ 110.00, 160.15 [3]), the verdict with respect to the weapons offense necessarily is repugnant and thus is against the weight of the evidence.  We reject that contention.  The crime occurred shortly before midnight outside a nightclub in Syracuse.  The victim, a Chief Warrant Officer in the United States Army, testified at trial that defendant approached him in the parking lot and, after flashing what appeared to be a knife or gun in his jacket, said, "Give me money or I will kill you."  The victim refused to comply with defendant's demand and in turn threatened to shoot defendant, who thereupon walked away.  When defendant was stopped by the police shortly after being contacted by the victim, he was found to have a large knife in the pocket of his jacket.  We conclude with respect to the weapons offense that, based on the victim's testimony, the jury could have found that defendant used the knife "unlawfully against another" (§ 265.01 [2]), i.e., to intimidate the victim, regardless of whether defendant ultimately intended to stab the victim (*see People v Durand*, 188 AD2d 747, 747-748, *lv denied* 81 NY2d 884).  At the same time, the jury could have reasonably found with respect to the attempted robbery charge of which defendant was acquitted that, given the reaction of the victim, defendant's attempt to steal money from

him did not come " 'dangerously close' " to fruition (*People v Lamagna*, 30 AD3d 1052, 1053, *lv denied* 7 NY3d 814).

Defendant's further challenge to the weight of the evidence is based largely upon a challenge to the credibility of the victim, who did not know defendant and had no apparent motive for falsely accusing him of a crime. Although defendant testified at trial that he never approached or spoke to the victim, the jury chose to credit the testimony of the victim over that of defendant, and there is no basis in the record for us to disturb the jury's credibility determinations (*see People v Morgan*, 77 AD3d 1419, 1420, *lv denied* 15 NY3d 922). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Even assuming, arguendo, that a different verdict would not have been unreasonable, we cannot conclude that the jury failed to give the evidence the weight it should be accorded (*see People v Kalen*, 68 AD3d 1666, 1666-1667, *lv denied* 14 NY3d 842; *see generally Bleakley*, 69 NY2d at 495).

We also reject defendant's remaining contention that he was deprived of effective assistance of counsel. Because, as noted, the verdict is not repugnant, defense counsel cannot be faulted for failing to object to the verdict on that ground before the jury was discharged (*see generally People v Satloff*, 56 NY2d 745, 746, *rearg denied* 57 NY2d 674). It is well settled that an attorney's "failure to 'make a motion or argument that has little or no chance of success' " does not amount to ineffective assistance (*People v Caban*, 5 NY3d 143, 152). Although defense counsel erred in attempting to serve the People by fax with defendant's notice of intent to testify before the grand jury (*see* CPL 190.50 [5] [a]), that error alone does not render his representation ineffective. The "failure of defense counsel to facilitate defendant's testimony before the grand jury does not, per se, amount to the denial of effective assistance of counsel" (*People v Simmons*, 10 NY3d 946, 949). Here, as in *Simmons*, "defendant failed to establish that he was prejudiced by the failure of his attorney to effectuate his appearance before the grand jury" (*id.*).

Entered:  April 27, 2012                                    Frances E. Cafarell
                                                            Clerk of the Court