OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is affirmed.
Defendant was charged with failing to provide proper sustenance to an animal (Agriculture and Markets Law § 353). At a jury trial, a special agent of the American Society for the Prevention of Cruelty to Animals (ASPCA) testified that he had responded to a residential location in Queens County to investigate a complaint regarding the possible abuse of a dog. Upon arriving at the location, the agent proceeded to the backyard, which was strewn with garbage, where he observed an obviously underfed and dirty, long-haired, mixed-breed dog that was tied to a fence with a four-foot lead. There was no food, water or shelter provided for this animal in the backyard. Defendant admitted to the agent that he was the owner of the dog. After a discussion regarding the condition of the dog and defendant’s financial inability to care for the dog, defendant surrendered his dog to the agent. The dog was removed from this location and taken to ASPCA Bergh Memorial Animal Hospital, where he was presented to Dr. Robert Reisman, a veterinarian.
Dr. Reisman testified that he had examined the dog and determined that the dog was emaciated, flea infested and battling dehydration and had open sores on his ears from biting at flies. He added that the dog’s skeletal structures were visually prominent because of the loss of fat and muscle. Dr. Reisman described the dog as being one step away from death. Over the next few weeks, as Dr. Reisman treated this dog, he concluded that the dog had been approximately 41% underweight when he had been brought in and that there was no evidence of any underlying medical condition responsible for the dog’s emaciated condition. He stated that the dog was simply starved.
Defendant testified that he was financially unable to provide for the dog, as dog food and veterinary care were too expensive for him.
Following the trial, the jury found defendant guilty. On appeal, defendant’s sole contention is that the People had the burden to, but failed to, establish that he had possessed the *46 mens rea to starve the dog. Defendant asserts that he simply could not afford to care for the animal.
Section 353 of the Agriculture and Markets Law, “Overdriving, torturing and injuring animals; failure to provide proper sustenance,” states as follows:
“A person who overdrives, overloads, tortures or cruelly beats or unjustifiably injures, maims, mutilates or kills any animal, whether wild or tame, and whether belonging to himself or to another, or deprives any animal of necessary sustenance, food or drink, or neglects or refuses to furnish it such sustenance or drink, or causes, procures or permits any animal to be overdriven, overloaded, tortured, cruelly beaten, or unjustifiably injured, maimed, mutilated or killed, or to be deprived of necessary food or drink, or who wilfully sets on foot, instigates, engages in, or in any way furthers any act of cruelty to any animal, or any act tending to produce such cruelty, is guilty of a class A misdemeanor and for purposes of paragraph (b) of subdivision one of section 160.10 of the criminal procedure law, shall be treated as a misdemeanor defined in the penal law.”
A review of this section, insofar as it relates to the charge of failing to provide proper sustenance to an animal, reveals that for a person to be guilty of a violation thereof, there is no requirement that a person have a culpable mental state. Moreover, section 43 of the Agriculture and Markets Law provides, in pertinent part, that “[t]he intent of any person doing or omitting to do any . . . act is immaterial in any prosecution for a violation of the provisions of this chapter.” We note that, contrary to defendant’s contention that the People must establish that he acted “unjustifiably,” we do not read the word “unjustifiably” in section 353 to relate to the words “deprives any animal of necessary sustenance, food or drink, or neglects or refuses to furnish it such sustenance or drink.”
Accordingly, the judgment of conviction is affirmed.
Aliotta, J.P., Pesce and Rios, JJ., concur.