■ The People of the State of New York, Respondent, v Marquis Phillips, Appellant. [999 NYS2d 31]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered September 11, 2012, as amended September 27, 2011, convicting defendant, after a jury trial, of predatory sexual assault (five counts), burglary in the first degree as a sexually motivated felony, robbery in the second degree and sexual abuse in the first degree, and sentencing him, as a predicate sex offender and persistent violent felony offender, to an aggregate term of 78 years, unanimously affirmed.

The court did not deprive defendant of his right of self-representation. Viewed in context, defendant's inquiry about whether he had the right to represent himself did not express the "definitive commitment to self-representation" (*People v LaValle*, 3 NY3d 88, 106 [2004]) that would require an inquiry by the court. Regardless of whether defendant's inquiry constituted a clear and unequivocal request to proceed pro se, that request was

untimely, and defendant did not establish "compelling circumstances" warranting a midtrial change of status (*see People v McIntyre*, 36 NY2d 10, 17 [1974]). Moreover, defendant's overall pattern of disruptive behavior and attempts to feign mental illness supports an inference that defendant's inquiry about his right of self-representation was simply a delaying tactic.

The court's imposition of consecutive sentences was lawful. Although they were part of the same incident, the burglary, robbery, sexual abuse and predatory sexual assault offenses were committed through separate and distinct acts (*see People v Brown*, 80 NY2d 361, 364 [1992]).

We perceive no basis for reducing the sentence. Concur—Sweeny, J.P., Renwick, DeGrasse, Clark and Kapnick, JJ.