The People of the State of New York, Respondent, 
against
Jean Louis, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Michelle A. Armstrong, J.), rendered March 21, 2014. The judgment convicted defendant, after a nonjury trial, of failing to provide proper sustenance to an animal.




ORDERED that the judgment of conviction is affirmed.
In 2011, defendant owned several dogs, one of which was a pit bull named Joe. It is undisputed that, in response to an anonymous complaint, an agent employed by the American Society for the Prevention of Cruelty to Animals (ASPCA) found Joe locked in defendant's back yard, without any food or water, and emaciated, having lost a significant amount of his body weight. Moreover, Joe had deep ulcers on his front elbows and had sustained bite wounds to his head and right rear leg, and his ear was bleeding, severely infected, and loosely attached to his head. Defendant's wife testified at a nonjury trial that Joe had run away after he had been in a fight with one of the other dogs, and had been located after approximately one month. In the days after Joe's return, defendant treated Joe's ear with hydrogen peroxide. She and defendant were going to take Joe to a veterinarian. However, two or three days after Joe allegedly was returned to defendant's home, the ASPCA arrived and treated Joe for free after defendant had relinquished all rights to Joe. Defendant was charged with failing to provide proper sustenance in violation of Agriculture and Markets Law § 353 and, following the trial, was found guilty as charged. On appeal, defendant contends that the verdict of guilt was against the weight of the evidence.
In exercising its factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), this court must weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony. This court must first determine that an acquittal would not have been unreasonable based upon the evidence presented, and second, whether the factfinder failed to accord the evidence the weight it should have been accorded (see People v Danielson, 9 NY3d at 348; People v Zephyrin, 52 AD3d 543, 543 [2008]). In this case, even assuming that an acquittal would not have been unreasonable, the verdict of guilt was not against the weight of the evidence.
Agriculture and Markets Law § 353, entitled "Overdriving, torturing and injuring animals; failure to provide proper sustenance," provides as follows:
"A person who overdrives, overloads, tortures or cruelly beats or unjustifiably injures, [*2]maims, mutilates or kills any animal, whether wild or tame, and whether belonging to himself or to another, or deprives any animal of necessary sustenance, food or drink, or neglects or refuses to furnish it such sustenance or drink, or causes, procures or permits any animal to be overdriven, overloaded, tortured, cruelly beaten, or unjustifiably injured, maimed, mutilated or killed, or to be deprived of necessary food or drink, or who wilfully sets on foot, instigates, engages in, or in any way furthers any act of cruelty to any animal, or any act tending to produce such cruelty, is guilty of a class A misdemeanor and for purposes of paragraph (b) of subdivision one of section 160.10 of the criminal procedure law, shall be treated as a misdemeanor defined in the penal law."
The failure to feed an animal and/or the failure to seek medical care when clear, objective signs are present that the animal requires such medical care constitutes a violation of the statute (see People v Romano, 29 Misc 3d 9, 12 [App Term, 1st Dept 2010]; People v Richardson, 15 Misc 3d 138[A], 2007 NY Slip Op 50934[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]; People v Mahoney, 9 Misc 3d 101, 103 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]; see also People v Basile, 25 NY3d 1111, 1112-1114 [2015]).
In the case at bar, the People presented essentially undisputed evidence of Joe's emaciation and injuries. A veterinarian employed by the ASPCA testified that it would have taken at least six weeks for Joe to have dropped to his weight of 47.8 pounds, which, at least in part, contradicted the testimony of defendant's wife, that Joe's weight loss was due to his running away and being missing for about four weeks. Furthermore, as it is undisputed that Joe was kept in the back yard, which was accessible only through a locked gate, the testimony of defendant's wife that Joe ran away lacked credibility. Moreover, the testimony of defendant's wife that she and defendant had attempted unsuccessfully to find a veterinarian after they had located Joe, who had numerous serious medical issues, also lacked credibility. Defendant's wife claimed that an unnamed veterinarian to whom they had previously taken their pets had gone out of business, and that they were about to take Joe to an unnamed clinic, for which defendant's wife did not provide an address, when the ASPCA arrived at defendant's home to investigate, two or three days after Joe had allegedly been found. In view of the foregoing, we find that the verdict of guilt was not against the weight of the evidence.
Accordingly, the judgment of conviction is affirmed.
Elliot, J.P., Pesce and Aliotta, JJ., concur.
Decision Date: November 28, 2016