OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is affirmed.
Defendant was charged with violating Agriculture and Markets Law § 353. The pertinent part of the accusatory instrument states as follows:
“THE DEPONENT STATES THAT, AT THE ABOVE TIME AND PLACE, DEPONENT OBSERVED TWO PITBULLS IN THE BACKYARD OF DEFENDANT’S RESIDENCE, THAT DEPONENT OBSERVED SAID DOGS TO HAVE SORES ON THE PELVIC AREA, EXTREMELY EMACIATED, PROMINENT RIBS, SPINE, PELVIC BONES, EXAGGERATED HOUR GLASS TORSOS, AND FOOD AND WATER BOWLS TO BE EMPTY AND RUSTED.
“DEPONENT IS FURTHER INFORMED BY DEFENDANT’S OWN STATEMENT THAT DEFENDANT WAS TAKING CARE FOR SAID DOGS FOR ABOUT ONE MONTH AND THAT DEFENDANT FED SAID DOGS TWICE A DAY.
“DEPONENT IS FURTHER INFORMED BY, DR. ROBERT REISMAN, MEDICAL COORDINATOR OF ANIMAL CRUELTY CASES AT BERGH MEMORIAL ANIMAL HOSPITAL, THAT INFORMANT OBSERVED AND TREATED THE ABOVE-MENTIONED DOGS FOR MALNUTRITION AND STARVATION.”
Defendant pleaded guilty to the charged offense, and the court imposed a sentence of a conditional discharge.
On appeal, defendant contends that Agriculture and Markets Law § 353 is unconstitutionally vague as applied to him in that the statute fails to define a point where his responsibility attaches.
Agriculture and Markets Law § 353 provides in relevant part:
*32 “A person who . . . deprives any animal of necessary sustenance, food or drink, or neglects or refuses to furnish it such sustenance or drink, or causes, procures or permits any animal to be . . . deprived of necessary food or drink, or who wilfully ... in any way furthers any act of cruelty to any animal ... is guilty of a class A misdemeanor.”
In addressing whether a statute is unconstitutionally vague as applied, courts have developed a two-part test (see People v Bright, 71 NY2d 376, 382 [1988]; Matter of State of New York v Spencer D., 96 AD3d 768 [2012]; People v Romano, 29 Misc 3d 9 [App Term, 1st Dept 2010]). The first part of the test is for the court to “determine whether the statute in question is sufficiently definite to give a person of ordinary intelligence fair notice that [her or] his contemplated conduct is forbidden by the statute” (Matter of State of New York, 96 AD3d at 769 [internal quotation marks and citations omitted]). “The rationale underlying the requirement that a penal statute provide adequate notice is the notion that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed” (Bright, 71 NY2d at 382 [internal quotation marks and citations omitted]). The second part of the test requires that a “court . . . determine whether the enactment provides officials with clear standards for enforcement” (Matter of State of New York, 96 AD3d at 769 [internal quotation marks omitted], quoting People v Stuart, 100 NY2d 412, 420 [2003]) so that its enforcement is not arbitrary or discriminatory. “The Legislature must include in a penal statute minimal guidelines to govern law enforcement. The absence of objective standards to guide those enforcing the laws permits the police to make arrests based upon their own personal, subjective idea of right and wrong” (Bright, 71 NY2d at 383 [internal quotation marks and citations omitted]).
The burden of demonstrating that a statute is unconstitutional rests with the one seeking to invalidate it (Bright, 71 NY2d at 382). “A challenge to a statu[t]e as applied requires the court to consider whether the statute can be constitutionally applied to the party challenging it under the facts of the case” (Matter of State of New York, 96 AD3d at 769 [citation omitted]). A court will not “consider the possibility that the statute may be vague as applied in other hypothetical situations” (People v Nelson, 69 NY2d 302, 308 [1987]).
We reject defendant’s argument that the statute fails to define a point where his responsibility attaches. Agriculture *33 and Markets Law § 353 forbids, among other things, a person from “depriving]” any animal “of necessary sustenance, food or drink.” We find that, by using this language, the statute gives fair notice that this proscription applies to anyone, such as a caregiver, who is in a position to, and has the ability to, “deprive[ ]” an animal of such sustenance. Thus, the statute was sufficiently definite to give defendant in this case fair notice that this proscription applied to him, as he admitted that the dogs in question had been under his care for about a month. Regarding the second prong of the test, “[t]he combination of the precise terms described in the statute and the clearly pronounced elements adequately defines the criminal conduct for the police officers, Judges and juries who will enforce the statute” (People v Foley, 94 NY2d 668, 681-682 [2000] [internal quotation marks and citations omitted]). Consequently, the statute is not vague as applied to defendant.
Accordingly, the judgment of conviction is affirmed.