People v Jerrick (2020 NY Slip Op 00432)





People v Jerrick


2020 NY Slip Op 00432


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2015-05672
 (Ind. No. 9598/13)

[*1]The People of the State of New York, respondent, 
v
Olivair Jerrick, also known as Oliver Jerrick, appellant.


Paul Skip Laisure, New York, NY (Martin Sawyer of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Gamaliel Marrero of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Michael A. Gary, J.), rendered June 18, 2015, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his waiver of the right to a jury trial was invalid is unpreserved for appellate review (see CPL 470.05[2]; People v Maldonado, 167 AD3d 1047, 1048; People v Tucker, 151 AD3d 1085, 1087; People v Williams, 149 AD3d 986, 986). In any event, the record does not support the defendant's contention that his waiver of the right to a jury trial was not knowing, voluntary, and intelligent (see People v Maldonado, 167 AD3d at 1048; People v Williams, 149 AD3d at 986; People v Pazmini, 132 AD3d 1015, 1015; People v Fani, 59 AD3d 460, 460).
It was not an improvident exercise of the Supreme Court's discretion to deny the defendant's request to proceed pro se. The defendant's request was untimely and he failed to set forth a compelling reason for the request (see People v Crespo, 32 NY3d 176; People v McIntyre, 36 NY2d 10, 17; People v Race, 78 AD3d 1217, 1218-1219; People v Venticinque, 301 AD2d 619).
MASTRO, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court