The People of the State of New York, Respondent, -
against
Jermell Blackman, Appellant. 




Klemanowicz, Holmquist & Vande Stouwe, LLP (Richard Vande Stouwe of counsel), for appellant.
Nassau County District Attorney (Andrea M. DiGregorio and Laurie K. Gibbons of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Anthony W. Paradiso, J.), rendered December 12, 2017. The judgment convicted defendant, upon a jury verdict, of depriving an animal of necessary sustenance, food or drink, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged with depriving an animal of necessary sustenance, food or drink (Agriculture and Markets Act § 353) in that he had failed to provide sustenance to his dog, based upon incidents alleged to have occurred between January 1, 2015 and February 3, 2015 at a specified location in Westbury, New York. At a jury trial, the testimony by the treating veterinarian established that upon examining defendant's dog, Scotia, a 2-1/2 year old pitbull, he had found her to be emaciated, comatose, unable to lift her head and cold to the touch. The veterinarian further testified that the dog's ribs and spine could be seen, that she was underweight and that her waistline was over-exaggerated. Additionally, Scotia had sores on her hind legs and skin infections on her body. When he had attempted to take the dog's temperature, there was no reading, because Scotia's body temperature was too low, well below 90 degrees. The veterinarian [*2]stated that when a dog's body temperature falls below 99 degrees, it means that the animal had been outside in the cold and unable to regulate its temperature. Scotia's temperature revealed that she had had prolonged exposure to the cold and her sores were consistent with her having lived outside without proper shelter. It was the veterinarian's expert opinion that it had taken several weeks for Scotia to be in the condition that she was in immediately prior to his euthanizing her. The medical record admitted into evidence listed defendant's address at a specified location in Westbury, New York.
Testimony by the doctor who had performed a necropsy of Scotia confirmed that she was emaciated, and that there were large wounds on her tail and sores on her paws and legs. He testified that there was no evidence of a disease that would have led to Scotia's deteriorated condition. He further testified that, based upon the condition of Scotia's teeth, she had been neglected by defendant.
Following the trial, the jury found defendant guilty of depriving Scotia of necessary sustenance, food or drink.
Viewing the evidence in the light most favorable to the People (People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish defendant's guilt beyond a reasonable doubt. Scotia was found to be emaciated, underweight and cold to the touch, and had sores on her paws and legs. The expert testimony established that Scotia's condition had persisted over a period of weeks and that she had been living outside in the cold weather without proper food, shelter and living conditions to maintain her health and comfort (see People v Mahoney, 9 Misc 3d 101 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]).
In exercising our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007] ), we must weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony, and determine whether an acquittal would not have been unreasonable based upon the evidence presented, and whether the jury failed to accord the evidence the weight it should have been accorded (see People v Danielson, 9 NY3d at 348). In this case, even assuming that an acquittal would not have been unreasonable, we find that the verdict of guilt was not against the weight of the evidence.
Defendant's contention regarding the venue of the court was waived since defendant failed to request a jury charge with respect thereto (see People v Roulhac, 166 AD3d 1066 [2018]). In any event, the People submitted evidence establishing that the offense occurred in Nassau County.
Accordingly, the judgment of conviction is affirmed.
ADAMS, P.J., TOLBERT and GARGUILO, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 6, 2020