People v Torres (2020 NY Slip Op 51130(U))

[*1]

People v Torres (Jose)

2020 NY Slip Op 51130(U) [69 Misc 3d 128(A)]

Decided on October 2, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 2, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2017-2232 K CR

The People of the State of New York,
Respondent, 
against
Jose Torres, Appellant. 

New York City Legal Aid Society (Harold V. Ferguson, Jr. of counsel), for appellant.
Kings County District Attorney (Leonard Joblove , Ruth E. Ross and Andrew S. Durham of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (John
T. Hecht, J., at plea; Alex Calabrese, J., at sentence), rendered October 17, 2017. The judgment
convicted defendant, upon his plea of guilty, of providing inadequate shelter for a dog left
outside, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an information with overdriving, torturing and injuring animals;
failure to provide sustenance for animals, in violation of Agriculture and Markets Law §
353. In the factual portion of the information, Detective John Glynn alleged that he had been
informed by Officer Richard Deriggs that, on May 17, 2016, Officer Deriggs observed a "female
pit bull dog inside an abandoned apartment with no food or water, the dog was severely
emaciated and also covered in urine and feces, and the dog was ultimately euthanized." Detective
Glynn further alleged that the dog's microchip identified defendant as the owner of the dog. In
addition, it was alleged that defendant was a resident of 135 Richard Street, Brooklyn, New
York, the address at which the dog was found, and that defendant had admitted that he was the
dog's owner. At a plea proceeding, defendant waived prosecution by information and pleaded
guilty to providing inadequate shelter for a dog left outside (Agriculture and Markets Law §
353-b).
On appeal, defendant contends that the information charging him with overdriving, torturing
and injuring animals; failure to provide sustenance for animals (Agriculture and Markets Law
§ 353) is jurisdictionally defective because it fails to contain sufficient facts establishing
that defendant knew his dog was being deprived of necessary sustenance, as the facts suggest that
the dog was lost or abandoned, and the allegations by Detective Glynn were [*2]conclusory, made no mention of defendant's mental state, and did
not indicate that defendant knowingly deprived his dog of sustenance.
The facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which
is not forfeited by a defendant's guilty plea (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Konieczny, 2 NY3d 569,
573 [2004]). Here, since defendant expressly waived the right to be prosecuted by information,
the accusatory instrument must be evaluated under the standards that govern a misdemeanor
complaint (see People v Dumay, 23
NY3d 518, 524 [2014]; see also CPL 100.15, 100.40 [4]; People v Dumas,
68 NY2d 729, 731 [1986]). While the law does not require that the accusatory instrument contain
the most precise words or phrases most clearly expressing the charges, the offense and factual
bases therefor must be sufficiently alleged (see People v Konieczny, 2 NY3d at 575). "So
long as the factual allegations of an [accusatory instrument] give an accused notice sufficient to
prepare a defense and are adequately detailed to prevent a defendant from being tried twice for
the same offense, they should be given a fair and not overly restrictive or technical reading"
(People v Casey, 95 NY2d 354, 360 [2000]; see Konieczny, 2 NY3d at 575).
Pursuant to Agriculture and Markets Law § 353, "[a] person who overdrives, overloads,
tortures . . . or deprives any animal of necessary sustenance, food or drink, or neglects or refuses
to furnish it such sustenance or drink, is guilty of a class A misdemeanor." A violation of the
statute is established upon proof that a defendant was entrusted with the care of an animal and
that the animal was not being provided with necessary sustenance, food or drink (see People v Neira, 55 Misc 3d
149[A], 2017 NY Slip Op 50729[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2017]; People v Richardson, 15
Misc 3d 138[A], 2007 NY Slip Op 50934[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2007]).
For a person to be guilty of violating Agriculture and Markets Law § 353 by failing to
provide proper sustenance to an animal, there is no requirement that a person have a culpable
mental state (see People v
Robinson, 56 Misc 3d 77, 79 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2017]; People v Basile, 40 Misc 3d
44 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013], affd 25 NY3d 1111
[2015]). Indeed, section 43 of the Agriculture and Markets Law provides, in pertinent part, that
"[t]he intent of any person doing or omitting to do any . . . act is immaterial in any prosecution
for a violation of the provisions of this chapter." Here, the factual allegations in the accusatory
instrument were sufficient to provide reasonable cause to believe that defendant, the owner of the
dog, failed to provide his dog with proper food and sustenance, as it is alleged that the dog was
found in an abandoned apartment at defendant's address covered in urine and feces, and was
extremely emaciated. Consequently, the accusatory instrument is legally sufficient.
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 2, 2020