People v Laccone (2022 NY Slip Op 50306(U))

[*1]

People v Laccone (Anthony)

2022 NY Slip Op 50306(U) [74 Misc 3d 137(A)]

Decided on April 7, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 7, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-1523 S CR

The People of the State of New York,
Respondent,
against
Anthony Laccone, Appellant. 

Suffolk County Legal Aid Society (Amanda E. Schaefer of counsel), for appellant.
Suffolk County District Attorney (Edward A. Bannan and Glenn Green of counsel), for
respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (John James
Andrews, J.), rendered September 16, 2019. The judgment, after a nonjury trial, convicted
defendant of animal cruelty (four counts), and imposed sentence.

ORDERED that the judgment of conviction is affirmed. 
Defendant was charged in an accusatory instrument with four counts of animal cruelty in
violation of Agriculture and Markets Law § 353 involving four dogs. Following a nonjury
trial, defendant was convicted as charged. 
Defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate
review since defendant's trial attorney did not move to dismiss the accusatory instrument on that
ground at the close of the People's case (see CPL 470.05 [2]; People v Gray, 86
NY2d 10 [1995]). In any event, this contention is without merit. 
A violation of Agriculture and Markets Law § 353 is established upon proof that a
defendant was entrusted with the care of an animal and that the animal was not being provided
with necessary sustenance, food or drink (see People v Torres, 69 Misc 3d 128[A], 2020 NY Slip Op
51130[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; People v Neira, 55 Misc 3d
149[A], 2017 NY Slip Op 50729[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017];
[*2]People v Richardson, 15 Misc 3d 138[A], 2007 NY Slip
Op 50934[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). For a person to be guilty of
violating Agriculture and Markets Law § 353 by failing to provide proper sustenance to an
animal, there is no requirement that a person have a culpable mental state (see
Torres,2020 NY Slip Op 51130[U]; People v Robinson, 56 Misc 3d 77, 79 [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2017]; People v Basile, 40 Misc 3d 44, 46 [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2013], affd 25 NY3d 1111 [2015]; see also Agriculture and
Markets Law § 43 ["(t)he intent of any person doing or omitting to do any . . . act is
immaterial in any prosecution for a violation of the provisions of this chapter"]). Here, the People
introduced evidence that the four dogs, which undisputedly belonged to defendant, were found
living in an unsanitary and uninhabitable house where defendant also resided during the relevant
period of time, causing the dogs to develop preventable medical problems, and that they were
deprived of sufficient food, water and sustenance and were emaciated (see People v Romano, 29 Misc 3d
9, 12 [2010]). Viewing the evidence in the light most favorable to the People (see People v Delamota, 18 NY3d
107, 113 [2011]; People v Acosta, 80 NY2d 665, 672 [1993]), we find that the
evidence adduced at trial was legally sufficient to establish defendant's guilt beyond a reasonable
doubt (see People v Danielson, 9
NY3d 342, 349 [2007]).
Upon the exercise of our factual review power (see CPL 470.15 [5];
Danielson, 9 NY3d at 348-349), while according great deference to the trial court's
opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their
credibility (see People v Lane, 7
NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]), we are
satisfied that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633
[2006]).
The District Court properly denied defendant's request to represent himself. "A defendant in
a criminal case may invoke the right to defend pro se provided: (1) the request is unequivocal and
timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and
(3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition
of the issues" (People v McIntyre, 36 NY2d 10, 17 [1974]; see People v Best, 186 AD3d 845,
847 [2020]). An application to proceed pro se is timely interposed "when it is asserted before the
trial commences," as, at that stage, "the potential for obstruction and diversion is minimal"
(McIntyre, 36 NY2d at 17). However, "[o]nce the trial has begun the right is severely
constricted and will be granted in the trial court's discretion and only in compelling
circumstances" (id.; see People v
Crespo, 32 NY3d 176, 181 [2018]). Here, defendant's request to proceed pro se, which
was made on the third day of the four-day trial, was clearly untimely and failed to assert
compelling circumstances to relieve counsel in favor of self-representation (see People v Price, 197 AD3d
1182, 1183 [2021]; People v
Jerrick, 179 AD3d 948 [2020]; People v Fleming, 141 AD3d 408, 410 [2016]; People v Phillips, 123 AD3d 524,
524-525 [2014]; People v Venticinque, 301 AD2d 619, 619-620 [2003]). 
Defendant's contention that he was denied the effective assistance of counsel because his
trial attorney failed to move to dismiss the accusatory instrument on the ground that his statutory
right to a speedy trial had been violated is without merit. The People were required to announce
[*3]their readiness for trial within 90 days of the commencement
of the action since the offense charged was a class A misdemeanor (see CPL 30.30 [1]
[b]; see also People v Lomax, 50 NY2d 351, 356 [1980]). A review of the record
indicates that less than 90 days of delay were chargeable to the People, and, thus, defendant's
statutory right to a speedy trial had not been violated. Consequently, defendant's contention that
defense counsel was ineffective for failing to raise the statutory speedy trial claims must fail, as
"[i]t is well settled that an attorney's failure to make a motion or argument that has little or no
chance of success does not amount to ineffective assistance" (People v Johnson, 94 AD3d 1563, 1564 [2012] [internal quotation
marks omitted]; see People v Ennis,
11 NY3d 403, 415 [2008]; People v
Caban, 5 NY3d 143, 152 [2005]).
Equally unavailing is defendant's contention that he received the ineffective assistance of
counsel because his trial attorney failed to object to the admission of numerous trial testimonies
of the prosecution witnesses and failed to object to two improper remarks by the prosecutor
during summation. Upon our review of the record, we find that most of the challenged
testimonies were properly admitted. To the extent that certain statements from two prosecution
witnesses should have been excluded as being beyond the witnesses' personal knowledge, the
errors were harmless in view of the overwhelming evidence of defendant's guilt (see People v Ventura, 167 AD3d
401, 402 [2018]) and the fact that there was no significant probability that the errors might
have contributed to defendant's conviction (see People v Crimmins, 36 NY2d 230,
241-242 [1975]). To the extent that the prosecutor mischaracterized during summation certain
testimony from the prosecution witnesses, the challenged comments of the prosecutor were not
so flagrant or pervasive as to deprive defendant of a fair trial (see People v Chizor, 190 AD3d 763, 763 [2021]; People v Mapp, 188 AD3d 1260,
1260 [2020]). Therefore, defendant's contention that defense counsel was ineffective for failing
to object to the admission of the foregoing testimonies and summation remarks also fail (see
Ennis, 11 NY3d at 415; Caban, 5 NY3d at 152; Johnson, 94 AD3d at 1564).

Lastly, we decline defendant's invitation that we vacate the conviction in the interest of
justice (see CPL 470.15 [3] [c]), as the record does not compel an inference that there is a
grave risk that an innocent person has been convicted (see People v White, 75 AD3d 109, 125 [2010]; People v Kramer, 50 Misc 3d 27,
32-33 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). 
Accordingly, the judgment of conviction is affirmed. 
DRISCOLL, J.P, GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 7, 2022