People v Laurdan Kennels, LLC (2023 NY Slip Op 51250(U))

[*1]

People v Laurdan Kennels, LLC

2023 NY Slip Op 51250(U)

Decided on October 26, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 26, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2022-553 OR CR

The People of the State of New York, Respondent, 
against
Laurdan Kennels, LLC, Defendant, and Lauretta Duthie and Daniel Duthie, Appellants. 

Sussman & Goldman (Michael H. Sussman of counsel), for appellants.
Orange County District Attorney (Andrew R. Kass of counsel), for respondent.

Appeal from judgments of the Justice Court of the Town of Warwick, Orange County (Nancy Brenner DeAngelo, J.), rendered July 12, 2022. The judgments convicted defendants Lauretta Duthie and Daniel Duthie, respectively, upon jury verdicts, of animal cruelty, and imposed sentences. The appeal brings up for review an order of that court dated July 11, 2022 denying the separate motions by defendants Lauretta Duthie and Daniel Duthie to set aside their respective jury verdict pursuant to CPL 330.30 (1).

ORDERED that the judgements of conviction are affirmed.
Each defendant was separately charged in an accusatory instrument with 12 counts of animal cruelty in violation of Agriculture and Markets Law § 353, involving 12 dogs. At a jury trial, the People presented testimony establishing that, on November 22, 2019, following a complaint of animal abuse from an employee of defendant Laurdan Kennels, LLC, 12 dogs were seized from a cottage located on the same property as defendants Lauretta Duthie's and Daniel Duthie's residence. The Articles of Organization for Laurdan Kennels, LLC, which were admitted into evidence, established that Daniel Duthie founded Laurdan Kennels, LLC. Dog #101 was 13½ years old at the time of her seizure, was blind and deaf, and had a mass on her back that smelled of "dead flesh." Lauretta Duthie had told the employee of Laurdan Kennels, LLC that she had decided not to surgically remove the mass because the dog could die from the [*2]surgery. Following the dog's seizure, the smell persisted for months; the dog was treated with oral antibiotics and the mass was eventually surgically removed. After the People rested, defendants moved to dismiss all charges, which motion was denied. 
Defendant Lauretta Duthie testified that she knew Dog #101 had an infected mass more than seven months before the dog was seized, and that she had contacted two veterinarians, who both recommended that the infected mass be surgically removed. She stated that Dog #101 was living in the house she resided in with her husband, Daniel Duthie, at the time the dog developed the mass on her back, but the dog was moved to the cottage in the summer of 2019. She further testified that the mass got much bigger over time, but she did not wish to have it removed due to the risks of putting an older dog under anesthesia. Instead, she opted to treat the mass with homeopathic remedies. She indicated that, while she was the principal decision maker with respect to the dogs, she always consulted her husband. 
At the close of the evidence, defendants Daniel Duthie and Laurdan Kennels, LLC renewed their motion to dismiss the charges against them for insufficient evidence. The court granted the motion with respect to Laurdan Kennels, LLC, but denied the motion with respect to Daniel Duthie. The jury found Lauretta Duthie and Daniel Duthie (hereinafter "defendants") guilty of one count of animal cruelty, involving Dog #101, in violation of Agriculture and Markets Law § 353, and not guilty of the remaining counts with respect to the 11 other dogs. Defendants thereafter separately moved, pursuant to CPL 330.30 (1), to set aside the jury verdicts on the ground that their convictions were not supported by legally sufficient evidence and that the verdicts were against the weight of the evidence. In an order dated July 11, 2022, defendants' motions were denied.
Defendants' challenge to the legal sufficiency of the evidence is unpreserved for appellate review with respect to Lauretta Duthie, as no motion was made at the close of evidence to dismiss the charges against her (see CPL 470.05 [2]; People v Hines, 97 NY2d 56, 62 [2001]; People v Resto, 58 Misc 3d 150[A], 2018 NY Slip Op 50086[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Bullock, 42 Misc 3d 141[A], 2014 NY Slip Op 50211[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). In any event, both convictions are supported by legally sufficient evidence.
"The standard for reviewing the legal sufficiency of evidence in a criminal case is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (People v Flanagan, 28 NY3d 644, 656 [2017]; see People v Delamota, 18 NY3d 107, 113 [2011]; People v Danielson, 9 NY3d 342, 349 [2007]). A violation of Agriculture and Markets Law § 353 is established upon proof that a defendant was entrusted with the care of an animal and that the animal was not being provided with necessary sustenance, food or drink (see People v Laccone, 74 Misc 3d 137[A], 2022 NY Slip Op 50306[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; People v Neira, 55 Misc 3d 149[A], 2017 NY Slip Op 50729[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). The term sustenance includes veterinary care, and "the failure to seek [veterinary] care when clear, objective signs are present that the animal requires such . . . care constitutes a violation of the statute" (Neira, 2017 NY Slip Op50729[U], *4; see People v Romano,29 Misc 3d 9, 12 [App Term, 1st Dept 2010]; People v Mahoney, 9 Misc 3d 101, 103 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]).
Here, the evidence presented at trial established that defendants lived in the same house with Dog #101 when she developed the mass and when it became infected. Neither defendant sought veterinary care until the mass became infected, and Lauretta Duthie ignored the advice of the veterinarians she consulted, opting instead to treat the mass with homeopathic remedies for several months, which were clearly ineffective, as the smell persisted and the mass continued to grow. Viewing this evidence in the light most favorable to the People, the evidence presented at trial was legally sufficient to find Lauretta Duthie guilty of animal cruelty beyond a reasonable doubt (see Flanagan, 28 NY3d at 656; Danielson, 9 NY3d at 349; Romano,29 Misc 3d at 12; Mahoney, 9 Misc 3d at 102-103).
Contrary to defendants' contentions on appeal, there was also legally sufficient evidence to convict Daniel Duthie. Agriculture and Markets Law § 353 does not require a culpable state of mind (see Laccone, 2022 NY Slip Op 50306[U], *2) and applies to "anyone . . . who is in a position to, and has the ability to, deprive an animal of . . . sustenance" (People v Cherry, 57 Misc 3d 30, 33 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017] [internal quotation marks omitted]). Although Lauretta Duthie testified that she was the principal decision maker with respect to the dogs' care, there was testimony that Daniel Duthie fed the dogs in the cottage occasionally, that he was consulted on decisions with respect to the dogs, and that he paid the employee, who was hired to take care of the dogs, weekly by personal check. Further, Dog #101 was living in the same house with Daniel Duthie at the time the mass became infected and, thus, he was aware of her condition. As Daniel Duthie was in a position to intervene with respect to Dog # 101's care, the evidence was legally sufficient to establish that he violated Agriculture and Markets Law § 353 beyond a reasonable doubt (Danielson, 9 NY3d at 349; People v Torres, 69 Misc 3d 128[A], 2020 NY Slip Op 51130[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; Cherry, 57 Misc 3d at 33; Neira, 2017 NY Slip Op 50729[U], *5).
Upon exercising our factual review power (see CPL 470.15 [5]; Danielson, 9 NY3d at 348-349), while "accord[ing] great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor" (People v Howard, 217 AD3d 966, 967 [2023]; see People v Mateo, 2 NY3d 383, 410 [2004]), we find that the verdicts were not against the weight of the evidence. 
Accordingly, the judgments of conviction are affirmed.
DRISCOLL, J.P., McCORMACK and WALSH, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 26, 2023