*378 OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed without costs and matter remanded to the court below for a new trial limited to the issue of damages.
Plaintiff commenced the instant small claims action to recover damages sustained by reason of the fact that the dog sold to her by defendant was not healthy and died soon after purchase. It is apparent from a review of the determination of the lower court that the court was of the opinion that the animal was unfit for purchase at the time of sale and that plaintiff acted reasonably in her care of the animal. While such a determination is supported by the evidence, the award by the lower court included damages for certain treatments which appear to be redundant, such as tests for the parvo virus. Further, the court improperly awarded plaintiff the purchase price of the animal when in fact she had been reimbursed for same by means of an insurance policy obtained through defendant. Under the circumstances, the matter should be remanded to the court below for a new trial limited to the issue of damages which include any sales tax paid by plaintiff which was not reimbursed by the insurance policy and the reasonable cost of veterinarian expenses incurred by plaintiff in the treatment of the animal.
We note that plaintiff is not limited to the remedies provided by subdivision (1) of section 753 of the General Business Law as the animal came within the definition of “goods” as set forth in UCC 2-105 and defendant was a “merchant” within the meaning of UCC 2-104 (1) (see, General Business Law § 753 [5]). Accordingly, plaintiff could recover damages pursuant to UCC 2-714 on the theory that defendant breached the implied warranty of merchantability (see, UCC 2-314; Sacco v Tate, 175 Misc 2d 901).
DiPaola, P. J., Ingrassia and Levitt, JJ., concur.