OPINION OF THE COURT
Memorandum.
Judgment modified by increasing the amount of the award in favor of plaintiff as against defendant Bernadette Vicidomine to the sum of $2,383; as so modified, affirmed without costs.
Plaintiff commenced this small claims action to recover damages from defendants, alleging that the puppy she purchased from them was not in good health at the time of sale and that she brought the puppy to her veterinarian for treatment immediately after the sale. The evidence adduced at trial established that plaintiff incurred veterinarian expenses totaling $2,383 for treating the puppy, which she did not return to defendants. Plaintiff also sought to recover a $45 fee she incurred in locating defendant Maureen Quinlan through a cell phone search. The court below limited the amount plaintiff could recover to the price of the dog, and awarded judgment against defendant Bernadette Vicidomine in the principal sum of $400. Additionally, insofar as is relevant hereto, the court dismissed the action against defendant Quinlan. On appeal, plaintiff argues that the monetary award against defendant Vicidomine was inadequate and that defendant Quinlan should also be held liable for damages.
While, under General Business Law § 753 (1), the right to recover veterinary expenses is limited to the price the purchaser paid for the dog or cat, here $400, the remedy provided under section 753 is not exclusive (see General Business Law § 753 [5]). Rather, a purchaser may recover under the alternative claim of breach of the implied warranty of merchantability (UCC 2-314). Dogs have been held to constitute “goods” within the meaning of section 2-105 of the Uniform Commercial Code, and defendant Vicidomine, who was in the business of selling dogs, is a merchant within the meaning of UCC 2-104 (1) (see Saxton v Pets Warehouse, 180 Misc 2d 377 [App Term, 9th & 10th Jud Dists 1999]). The evidence submitted by plaintiff at trial adequately established that the dog was treated by her veteri *68 narian immediately after the sale, and the itemized bill for said treatment totaled $2,383 (see UDCA 1804). Thus, the damages alleged herein are recoverable pursuant to UCC 2-714 on the theory that defendant Vicidomine breached the implied warranty of merchantability (see Saxton v Pets Warehouse, 180 Misc 2d 377 [1999]). Therefore, substantial justice requires that the judgment be modified by increasing the award to plaintiff as against defendant Vicidomine to the sum of $2,383, representing the amount she paid to the veterinarian to treat the dog (see UDCA 1807). However, the sum of $45 incurred in seeking legal redress is not recoverable as damages in this action (see Hartford Cas. Ins. Co. v Vengroff Williams & Assoc., 306 AD2d 435, 437 [2003]).
We further find that plaintiff did not establish that defendant Maureen Quinlan sold her the puppy or that said defendant was in business with defendant Vicidomine. Therefore, the court below properly dismissed the action as against defendant Quinlan.
McCabe, J.E, Tanenbaum and Scheinkman, JJ., concur.