OPINION OF THE COURT
Memorandum.
Ordered that the judgment is affirmed, without costs.
Plaintiff brought this small claims action to recover $1,200 in medical fees, alleging that defendant, a dog breeder, had sold a dog with a severe genetic heart defect to a nonparty purchaser, who had then given the dog to plaintiff as a gift. After a nonjury trial, the City Court dismissed the action on the ground that plaintiff had failed to comply with General Business Law § 753 because she had not produced a valid veterinary certification detailing the extent and nature of the dog’s condition.
As a preliminary matter, plaintiff is not entitled to the remedies set forth in General Business Law § 753. The statute provides that
“[i]f, within fourteen business days following the sale of an animal subject to this article or receipt of the written notice required by section seven hundred fifty-four of this article, whichever occurred last, a veterinarian of the consumer’s choosing, licensed by a state certifies such animal to be unfit for purchase due to illness, a congenital malformation which adversely affects the health of the animal, or the presence of symptoms of a contagious or infectious disease, the pet dealer shall afford the consumer the right to choose one of the following [remedies]” (General Business Law § 753 [1] [emphasis added]).
General Business Law § 752 (2) defines “consumer” as “any individual purchasing an animal from a pet dealer” (emphasis added). In this case, plaintiff did not purchase the dog from defendant and, thus, cannot pursue the aforementioned statutory remedies. Nevertheless, “plaintiff is not limited to the remedies provided by subdivision (1) of section 753 of the General Business Law” (Saxton v Pets Warehouse, 180 Misc 2d 377, 378 [App
*70 Term, 9th & 10th Jud Dists 1999]; see General Business Law § 753 [5]; Sacco v Tate, 175 Misc 2d 901, 902 [App Term, 9th & 10th Jud Dists 1998]).
Under the Uniform Commercial Code, “[d]ogs have been held to constitute ‘goods’ within the meaning of section 2-105 . . . and defendant, a private breeder, is a ‘merchant’ within the meaning of UCC 2-104 (1)” {Appell v Rodriguez, 14 Misc 3d 131[A], 2007 NY Slip Op 50051[U] [App Term, 9th & 10th Jud Dists 2007] [citations omitted]). A dog purchaser may recover damages pursuant to UCC 2-714 on the theory that the defendant breached the implied warranty of merchantability (see UCC 2-314; Saxton v Pets Warehouse, 180 Misc 2d at 378; Sacco v Tate, 175 Misc 2d at 902). On the other hand, a third party, such as plaintiff, must demonstrate either privity with the defendant or personal injuries arising from the alleged defect to recover such damages {Adirondack Combustion Tech., Inc. v Unicontrol, Inc., 17 AD3d 825, 827 [2005]; see UCC 2-318; Lexow & Jenkins v Hertz Commercial Leasing Corp., 122 AD2d 25, 26 [1986]). Since plaintiff failed to establish either of these requirements, she cannot recover damages pursuant to UCC 2-714 on the theory that defendant breached the implied warranty of merchantability when he sold the dog to the nonparty purchaser. As the court’s findings and conclusions are supported by the record, we find that the judgment provided the parties with substantial justice according to the rules and principles of substantive law (UCCA 1804, 1807; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Accordingly, the judgment is affirmed.
Nicolai, EJ., LaCava and Iannacci, JJ., concur.