People v Roth (2021 NY Slip Op 51264(U))

[*1]

People v Roth (Lonnie)

2021 NY Slip Op 51264(U) [73 Misc 3d 147(A)]

Decided on December 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2021-3 S CR

The People of the State of New York,
Respondent,
against
Lonnie D. Roth, Appellant. 

Arnold A. Arpino, for appellant.
Suffolk County District Attorney (Karla Lato of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (Paul E.
Henning, J.), rendered October 29, 2020. The judgment convicted defendant, upon his plea of
guilty, of violating Agriculture and Markets Law § 353.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an information with violating Agriculture and Markets Law §
353, in that, on July 4, 2020, defendant "neglected [his] three tan Yorkie dogs by leaving [them]
in his home for several hours, despite that said home had been previously declared unfit for
habitation on June 23, 2020, and remained that way on July 4, 2020. The home was filthy and
disgusting and had feces, urine and garbage strewn all over the house, and had the strong smell of
feces and urine." In a supporting deposition by a fire marshal, it is alleged that defendant's home
had been declared unfit for habitation on June 23, 2020 and that it was still unfit for habitation on
July 4, 2020. Defendant pleaded guilty to the charge.
On appeal, defendant contends that the information is jurisdictionally defective as it is not
clear what portion of Agriculture and Markets Law § 353 is being charged against him and
as the information fails to contain allegations showing that the dogs sustained injuries as a result
of defendant's actions.
The facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which
is not forfeited by a defendant's guilty plea (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Konieczny, 2 NY3d 569,
573 [2004]). Here, since defendant did not expressly [*2]waive
the right to be prosecuted by information, the accusatory instrument must be evaluated under the
standards that govern a misdemeanor information (see People v Dumay, 23 NY3d 518, 524 [2014]; see also
CPL 100.15, 100.40 [1]; People v Dumas, 68 NY2d 729, 731 [1986]). While a charged
offense and the factual basis therefor must be sufficiently alleged (see CPL 100.15,
100.40 [1]), "[s]o long as the factual allegations of an information give an accused notice
sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried
twice for the same offense, they should be given a fair and not overly restrictive or technical
reading" (People v Casey, 95 NY2d 354, 360 [2000]; see Konieczny, 2 NY3d at
575). Defendant raises no hearsay claim on appeal, and, even if he had, the claim would have
been waived by his failure to raise it in the District Court (see Casey, 95 NY2d 354).
Pursuant to Agriculture and Markets Law § 353, "[a] person who overdrives, overloads,
tortures . . . or deprives any animal of necessary sustenance, food or drink, or neglects or refuses
to furnish it such sustenance or drink, is guilty of a class A misdemeanor." "The term
'sustenance,' as set forth in the statute, has been held to be distinguishable from the term 'food or
drink' and to include veterinary care and shelter adequate to maintain the animal's health and
comfort" (People v Richardson, 15
Misc 3d 138[A], 2007 NY Slip Op 50934[U], *2 [App Term, 2d Dept, 9th & 10th Jud
Dists 2007]; see People v
Blackman, 66 Misc 3d 145[A], 2020 NY Slip Op 50202[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2020]; People v
Mahoney, 9 Misc 3d 101 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]). The
offense does not require that the animal have sustained an injury as a result of the defendant's
conduct (see Agriculture and Markets Law § 350 [2]; People v Robinson, 56 Misc 3d 77,
79 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). A violation of the statute is
established upon proof that a defendant was entrusted with the care of an animal and that the
animal was not being provided with necessary sustenance (see People v Neira, 55 Misc 3d 149[A], 2017 NY Slip Op
50729[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; Richardson, 2007 NY
Slip Op 50934[U], *2).
Here, giving the allegations in the accusatory instrument and the supporting
deposition—to the effect that defendant left his three dogs in his home where there was
urine, feces and garbage strewn all over and which had been declared unfit for
habitation—a fair and not overly restrictive or technical reading (see Casey, 95
NY2d at 360), we find that they established, if true, every element of the offense charged, to wit,
that defendant's actions failed to furnish sustenance to his dogs in violation of Agriculture and
Markets Law § 353 (see CPL 100.15 [3]; 100.40 [1] [c]; Dumas, 68 NY2d at
731). Consequently, the information supplied defendant "with sufficient notice of the charged
crime to satisfy the demands of due process and double jeopardy" (Dreyden, 15 NY3d at
103; see People v Kalin, 12 NY3d
225, 231-232 [2009]; Casey, 95 NY2d at 366).
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 23, 2021