Flood v Bulldogs of Long Is., Inc. (2022 NY Slip Op 50917(U))

[*1]

Flood v Bulldogs of Long Is., Inc.

2022 NY Slip Op 50917(U) [76 Misc 3d 132(A)]

Decided on September 9, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 9, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, TIMOTHY S.
DRISCOLL, JJ

2022-11 S C

Demi Flood, Respondent, and Joseph Flood,
Plaintiff,
against
Bulldogs of Long Island, Inc. and Diego Diaz, Appellants.

Zabell & Colotta, P.C. (Saul D. Zabell and Ryan Eden of counsel), for appellants.
Demi Flood, respondent pro se.

Appeal from a judgment of the District Court of Suffolk County, Second District (Garrett W.
Swenson, Jr., J.), entered June 14, 2021. The judgment, insofar as appealed from, after a nonjury
trial, awarded plaintiff Demi Flood the principal sum of $5,000.

ORDERED that the judgment, insofar as appealed from, is modified by vacating so much
thereof as is against defendant Diego Diaz and by dismissing so much of the action as is asserted
against him; as so modified, the judgment, insofar as appealed from, is affirmed, without
costs.
Plaintiffs commenced this small claims action against Bulldogs of Long Island, Inc. (Bull
Dogs), and its owner, Diego Diaz, to recover $5,000, alleging that Bulldogs sold them a puppy
that was sick and that they spent over $5,000 on veterinary bills before the puppy died.[FN1]

At a nonjury trial, the evidence demonstrated that Demi Flood (plaintiff) had purchased a
puppy from defendant Bulldogs for the price of $3,200. Within a week of the purchase, the [*2]puppy became very ill and passed away. Plaintiff's veterinarian bill
for the care of the puppy that week totaled in excess of $10,000. While Bulldogs refunded the
puppy's purchase price, plaintiff sought reimbursement of the puppy's medical expenses. When
Bulldogs and its owner, defendant Diego Diaz, refused, plaintiff commenced this action.
Following the trial, the District Court awarded plaintiff the principal sum of $5,000 as against
both defendants.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier
of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to
observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective
from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564
[1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with
greater force to judgments rendered in the Small Claims Part of the court (see Williams v
Roper, 269 AD2d at 126).
While plaintiff was entitled to a refund of the purchase price of the puppy, pursuant to
General Business Law § 753 (1) (a), plaintiff was not limited to that remedy (see
General Business Law § 753 [5]). She was also able to recover veterinary expenses under
the Uniform Commercial Code. A puppy falls within the definition of "goods" as set forth in
UCC 2-105, and defendant Bulldogs was a "merchant" within the meaning of UCC 2-104 (1). As
the record demonstrates that the puppy was sick at the time of the sale, plaintiff was required,
under Agriculture and Markets Law § 353, to furnish the puppy sustenance, which includes
veterinary care, or be subject to prosecution (see People v Roth, 73 Misc 3d 147[A], 2021 NY Slip Op 51264[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2021]). Thus, plaintiff was entitled to recover
damages, including consequential damages, under a theory of breach of the implied warranty of
merchantability (see UCC 2-314; 2-714; 2-715; Lombardo v Empire Puppies, 50 Misc 3d 143[A], 2016 NY Slip Op
50218[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Badillo v Bob's
Tropical Pet Ctr., Inc., 40 Misc 3d 137[A], 2013 NY Slip Op 51386[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2013]; Hardenbergh v Schulder, 25 Misc 3d 141[A], 2009 NY Slip Op
52454[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; Rossi v Puppy Boutique, 20 Misc 3d
132[A], 2008 NY Slip Op 51449[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008];
Budd v Quinlan, 19 Misc 3d 66
[App Term, 2d Dept, 9th & 10th Jud Dists 2008]; Appell v Rodriguez, 14 Misc 3d 131[A], 2007 NY Slip Op
50051[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]; Saxton v Pets
Warehouse, 180 Misc 2d 377 [App Term, 2d Dept, 9th & 10th Jud Dists 1999]).
It was unrefuted that the corporate defendant, rather than Diaz, owned the store and sold the
puppy to plaintiff. Consequently, there was no basis for imputing liability to Diaz, the individual
defendant. The District Court, a court of limited jurisdiction, lacked jurisdiction to grant the
equitable relief of piercing the corporate veil, even assuming that a basis for that relief existed
(see Battle v Smith, 35 Misc 3d
126[A], 2012 NY Slip Op 50566[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2012]).
Accordingly, the judgment, insofar as appealed from, is modified by vacating so much
thereof as is against defendant Diego Diaz and by dismissing so much of the action as is asserted
against him. 
EMERSON, J.P., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 9, 2022

Footnotes

Footnote 1: During the trial, the court
dismissed the action, insofar as it was asserted by Joseph Flood, on the ground that Demi Flood
was the sole purchaser of the puppy, leaving Demi Flood as the only plaintiff.