■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN TOLEDO, Appellant. [956 NYS2d 50]—

Defendant did not preserve his claim that the court erred in failing to excuse two prospective jurors for cause, as he did not join in the challenges made to those jurors by other defendants (*see People v Buckley*, 75 NY2d 843, 846 [1990]; *People v Colselby*, 240 AD2d 227 [1st Dept 1997], *lv denied* 90 NY2d 1010 [1997]). The record does not support the assertion that there was an arrangement whereby any defendant's challenge for cause applied to all defendants. The record only shows that the four defendants shared *peremptory* challenges, as mandated by statute (*see* CPL 270.25 [3]). By contrast, when challenges for cause were made, the court gave the attorneys the opportunity to individually join in the challenge. Furthermore, the primary claim of bias on the part of the two panelists at issue did not involve defendant, but only a codefendant.

We decline to review defendant's claim in the interest of justice. As an alternative holding, we find that the court properly exercised its discretion in denying the challenges. As noted, the bias, if any, was primarily directed at a codefendant, notwithstanding the fact that the defendants were charged with acting in concert. In any event, the colloquy between counsel, the court and each panelist, viewed as a whole, did not cast doubt on either panelist's ability to follow the court's instructions and render an impartial verdict (*see People v Chambers*, 97 NY2d 417, 419 [2002]; *People v Johnson*, 94 NY2d 600, 610-614 [2000]).

We perceive no reason to reduce the fine. If defendant can establish that he is unable to pay the fine because of indigency, CPL 420.10 (5) provides a remedy. Concur—Tom, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Clark, JJ.