OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, on the law, and defendant’s motion to dismiss the information is denied.
Defendant was charged in an information with violating Agriculture and Markets Law § 353. It was alleged in the factual portion of the information that defendant had been observed in a video recording kicking a cat 8 to 10 feet into the air. In addition, Dr. Reisman, a veterinarian employed by the American Society for the Prevention of Cruelty to Animals, stated in a supporting deposition that the actions he viewed in the video recording of defendant kicking the cat “would cause serious physical injury” to the cat.
Defendant moved to dismiss the information on the ground that it was jurisdictionally defective as it failed to contain factual allegations concerning any injury to the cat. In opposition to the motion, the People argued that the information was legally sufficient. The Criminal Court granted defendant’s motion and dismissed the information on the ground that the information and the supporting deposition of Dr. Reisman failed to contain factual allegations establishing that defendant had injured the cat. This appeal by the People ensued.
For an information to be facially sufficient, it must contain nonhearsay allegations which establish, if true, every element of the offense charged and the defendant’s commission thereof (see CPL 100.40 [1]; People v Casey, 95 NY2d 354, 360 [2000]). These requirements, with the exception of a claim of hearsay, which is waived if it is not raised in a timely motion and forfeited as a consequence of a guilty plea (see People v Keizer, 100 NY2d 114, 121 [2003]), are jurisdictional (see People v Casey, 95 NY2d at 363-365). The law does not require that the most precise words or phrases be provided in an information, but only that the crime be alleged and the specifics set forth so that a defendant can prepare for trial and not be tried again *79 for the same offense (see People v Kalin, 12 NY3d 225 [2009]; People v Konieczny, 2 NY3d 569, 575 [2004]; People v Casey, 95 NY2d at 360).
Agriculture and Markets Law § 353, entitled “Overdriving, torturing and injuring animals; failure to provide proper sustenance,” provides, insofar as is relevant to this case, that “[a] person who . . . cruelly beats . . . any animal ... is guilty of a . . . misdemeanor.” “Cruelty” is defined as including “every act, omission, or neglect, whereby unjustifiable physical pain, suffering or death is caused or permitted” (Agriculture and Markets Law § 350 [2]). Contrary to the opinion of the Criminal Court, the offense as charged does not require that the animal have sustained an injury as a result of the defendant’s conduct (see Agriculture and Markets Law § 350 [2]). Moreover, there is no requirement that the person have a culpable mental state to be found guilty of violating section 353 (see Agriculture and Markets Law § 43 [“(t)he intent of any person doing or omitting to do any . . . act is immaterial in any prosecution for a violation of the provisions of this chapter”]; People v Basile, 40 Misc 3d 44 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013], affd 25 NY3d 1111 [2015]). Giving the allegations in the accusatory instrument and the supporting deposition—to the effect that defendant kicked a cat with sufficient force to propel it 8 to 10 feet in the air which would cause a physical injury—a fair and not overly restrictive or technical reading (see Casey, 95 NY2d at 360), we find that they established, if true, every element of the offense charged, including that defendant’s actions tended to cause unjustifiable physical pain, and, thus, that defendant had cruelly beaten the cat in violation of Agriculture and Markets Law § 353 (see CPL 100.15 [3]; 100.40 [1] [c]; People v Dumas, 68 NY2d 729, 731 [1986]). Consequently, the information supplied defendant with sufficient notice Of the charged crime to satisfy the demands of due process and double jeopardy (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Kalin, 12 NY3d at 231-232; People v Casey, 95 NY2d at 366).
Accordingly, the order is reversed and defendant’s motion to dismiss the information is denied.
Pesce, P.J., Aliotta and Elliot, JJ., concur.