People v Walton (2021 NY Slip Op 50956(U))

[*1]

People v Walton (Godfrey)

2021 NY Slip Op 50956(U) [73 Misc 3d 131(A)]

Decided on October 8, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 8, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, J.P., MICHELLE WESTON, DAVID ELLIOT, JJ

2018-135 Q CR

The People of the State of New York,
Respondent,
against
Godfrey Walton, Appellant. 

Appellate Advocates (Martin B. Sawyer of counsel), for appellant.
Queens County District Attorney (Johnnette Traill, Sharon Y. Brodt and Aurora
Alvarez-Calderon of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Althea E. M. Drysdale, J.), rendered December 4, 2017. The judgment convicted defendant,
upon his guilty plea, of driving while intoxicated (per se), and imposed sentence. The appeal
from the judgment brings up for review so much of an order of that court (Karen Gopee, J.) as
denied the branch of defendant's motion seeking to dismiss the accusatory instrument on
statutory speedy trial grounds.

ORDERED that the judgment of conviction is affirmed.
In an accusatory instrument dated January 30, 2016, defendant was charged with, among
other things, driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]). The
record containing the court's action sheet shows that the case was adjourned for open-file
discovery to March 31, 2016. On February 17, 2016, the People filed a certificate of readiness
along with the supporting deposition of Officer Chidichimo. On March 31, 2016, defense counsel
indicated to the court, among other things, that the People handed over open-file discovery to
defense counsel who accepted these materials. On June 2, 2017, after various proceedings and
court appearances, defense counsel moved to dismiss the information on, among others, statutory
speedy trial grounds (CPL 30.30 [1] [b]). The Criminal Court (Karen Gopee, J.) found that 52
days were chargeable to the People and denied the statutory speedy trial motion. Defendant
pleaded guilty [*2]to the charge of driving while intoxicated (per
se) in full satisfaction of the charges. 
On appeal, defendant contends that, in addition to the 52 days of delay the Criminal Court
found were chargeable to the People, 18 days from defendant's arraignment on January 30, 2016
to February 17, 2016, when the People filed the officer's supporting deposition, are chargeable to
the People. Defendant further contends that 36 more days are chargeable to the People because
they failed to announce their readiness for trial at various court proceedings conducted prior to
defendant's CPL 30.30 motion. The People respond that the Criminal Court properly determined
that they should be charged with only 52 days of delay.
While the judgment of conviction was rendered upon defendant's plea of guilty prior to the
enactment of CPL 30.30 (6), we need not decide here whether the subdivision should be applied
retroactively since, as set forth more fully below, the period from January 30, 2016 to February
17, 2016 is not, in any event, chargeable to the People.
The People were required to announce their readiness for trial within 90 days from the
commencement of this criminal action which involves a class A misdemeanor (see CPL
30.30 [1] [b]). Periods of adjournment for voluntary open file discovery are excluded from
speedy trial calculations (see CPL 30.30 [4] [a]; People v Dorilas, 19 Misc 3d 75, 77 [App Term, 2d Dept, 2d, 11th
and 13th Jud Dists 2008] [superseded by legislation on other grounds]). On January 30, 2016, the
court's action sheet indicates that the case was adjourned for open-file discovery. Furthermore,
the record establishes that defense counsel subsequently accepted the discovery materials that the
People handed over on March 31, 2016, thus further confirming that counsel had participated in
discovery. Under CPL 30.30 (4) (a), a reasonable period of delay resulting from pretrial
discovery must be excluded, and this is true even assuming that the People had not yet converted
the misdemeanor complaint during the period of time in question (see People v Worley,
66 NY2d 523 [1985]). Thus, the 18-day period is excludable under CPL 30.30 (4) (a). 
In view of the foregoing, the additional 36 days which defendant challenges, from March 9,
2017 to March 31, 2017 (22 days) and April 5, 2017 to April 19, 2017 (14 days), need not be
addressed, since, in any event, fewer than 90 days of delay would be chargeable to the
People.
Accordingly, the judgment of conviction is affirmed.
TOUSSAINT, J.P., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 8, 2021