People v Vega (2022 NY Slip Op 51349(U))

[*1]

People v Vega (Angelita)

2022 NY Slip Op 51349(U) [77 Misc 3d 136(A)]

Decided on December 16, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 16, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2019-828 K CR

The People of the State of New
York, Respondent,
against
Angelita Vega, Appellant. 

Appellate Advocates (Sarah B. Cohen of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Michael Bierce of counsel), for
respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings
County (Michael D. Kitsis, J.), rendered April 30, 2019. The judgment convicted
defendant, upon a jury verdict, of two counts of violating Agriculture and Markets Law
§ 353. The appeal brings up for review an order of that court (Elizabeth N. Warin,
J.) dated December 7, 2018 denying the branch of defendant's motion seeking to dismiss
the accusatory instrument on statutory speedy trial grounds.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged with two counts of overdriving, torturing, and injuring
animals or failure to provide proper sustenance (Agriculture and Markets Law §
353). It was alleged in a prosecutor's information that "on or about February 22, 2018, at
approximately 5:20 PM, in the County of Kings, [defendant] did deprive an animal of
necessary sustenance to such animal belonging to the defendant." The underlying
accusatory instrument, an information, alleged that "defendant's dogs [were observed by
deponent] locked in a dark room . . . with no food or water . . . [there was] feces on the
floor . . . and there was the strong odor of urine" present and that each dog's fur was
heavily matted, that the "nails of each dog had grown such that the dogs were unable to
walk, and that each of the dogs had feces [on its paws]." Additionally, it was alleged that
"defendant told the deponent, in sum and substance, that the defendant was sick and that
this [*2]was why the defendant could not take care of the
dogs."
During voir dire, defense counsel told a prospective juror who had a pet dog that the
case would involve testimony about "substandard care; hair matting," and asked if she
would have trouble evaluating such evidence impartially. The prospective juror
responded that she did not "think so." Defense counsel asked her whether,
"because animals can't speak, would you hold the conduct of somebody vis
a vis an animal to a higher standard than a person?"
She responded affirmatively. Counsel moved to remove the
prospective juror for cause. The court denied the for-cause challenge, without any further
questioning, and stated that:
"I think that's the context in which the question was asked, that an animal
could not speak for itself, she would do that, I think her other answers to everything
indicated that she could be fair for both sides in the case . . . ."
Defense counsel exercised a peremptory challenge to remove the
prospective juror and exhausted the allotment of peremptory challenges prior to the
completion of jury selection. 

Following a jury trial, defendant was convicted of the two counts, and sentence was
imposed (Michael D. Kitsis, J.) on April 30, 2019. The appeal brings up for review an
order of the Criminal Court (Elizabeth N. Warin, J.) dated December 7, 2018 denying the
branch of defendant's motion seeking to dismiss the accusatory instrument on statutory
speedy trial grounds.
On February 23, 2018, defendant was arraigned on a complaint and released on her
own recognizance with the case adjourned until April 10, 2018 (46 days) for
"conversion" of the accusatory instrument. On April 10, 2018, when the case was on for
the "conversion" of the accusatory instrument from a complaint to an information, the
People stated that "[w]e are ready, as we filed the [superseding information]." The case
was adjourned to May 17, 2018 for discovery. On May 17, the People served and filed
discovery, and the court adjourned the case, on consent, to June 25, 2018 for hearings
and trial. On June 25, the People advised the court that, on June 19, 2018, the ASPCA
had informed the People that Dr. Robert Reisman had taken over Dr. Niestat's cases
during her maternity leave, and that the People had spoken with Dr. Reisman who told
them that he would not be available on June 25, 2018. The People requested a seven-day
adjournment, but the court adjourned the case to August 23, 2018 for hearings and trial.
On August 23, the People informed the court that Dr. Niestat had returned to work on
August 20, 2018 but that the People had not been able to contact her. The People
requested a seven-day adjournment, but the court adjourned the case to October 1, 2018
for hearings and trial. On October 1, the People were not ready because "[t]he eyewitness
[was] unavailable," and they requested a seven-day adjournment. The court adjourned
the case for hearings and trial to October 15, 2018 because defense counsel was on trial
and unavailable on the date requested by the People. On October 15, the People were not
ready because the "first responder [was] unavailable," and the court adjourned the case to
November 14, 2018. The People requested "time charged [until] a statement of readiness
[is filed]." Four days later, on October 19, 2018, [*3]the
People filed an off-calendar statement of readiness.
Defendant subsequently moved to dismiss the accusatory instrument on statutory
speedy trial grounds, among others. By order dated December 7, 2018, the court denied
the motion finding, among other things, that, from February 23, 2018 to November 14,
2018, the People were chargeable with 71 days of delay. 
The People were required to announce their readiness for trial within 90 days from
the commencement of this criminal action involving a class A misdemeanor (see
Agriculture and Markets Law § 353; CPL 30.30 [1] [b]). Defendant's particular
arguments with respect to certain time periods were never brought to the attention of the
Criminal Court and thus are unpreserved for appellate review (see People v
Luperon, 85 NY2d 71 [1995]; People v Robinson, 47 AD3d 847 [2008]; People v Cain, 24 AD3d
889 [2005]). We nevertheless reach defendant's unpreserved contentions in the
exercise of our interest of justice jurisdiction (see CPL 470.15 [6] [a]).
From February 23, 2018 to April 10, 2018, 46 days are chargeable to the People as
they had not announced their readiness for trial. On April 10, the People stated that they
had filed a "superseding information" and declared that they were ready. The record
establishes that defense counsel subsequently accepted the discovery materials that the
People handed over on May 17, 2018, confirming that counsel had participated in
discovery. Pursuant to CPL 30.30 (4) (a), the reasonable period of delay from April 10 to
May 17 resulting from pretrial discovery must be excluded (see People v Worley,
66 NY2d 523 [1985]; People v
Walton, 73 Misc 3d 131[A], 2021 NY Slip Op 50956[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2021]). The period from May 17, 2018, when the matter
was adjourned for trial on consent, to June 25, 2018 was not chargeable to the People (see People v Revenco, 28 Misc
3d 126[A], 2010 NY Slip Op 51171[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2010]; People v
Edobo, 4 Misc 3d 142[A], 2004 NY Slip Op 51054[U] [App Term, 2d Dept, 2d
& 11th Jud Dists 2004]).
With respect to the time period of June 25, 2018 to August 23, 2018, the People
stated on June 25 that they were not ready and they requested that the trial be adjourned
for seven days. Since, in a post-readiness posture, "the prosecution is only charged with
the actual number of days that it requested" (People v Hodges, 12 AD3d 527, 530 [2004]; see People
v Nielsen, 306 AD2d 500, 501 [2003]; People v Camillo, 279 AD2d 326
[2001]), only seven days are chargeable to the People during this period. On August 23,
2018, the People requested a seven-day adjournment. On October 1, 2018, the adjourned
date, the People requested another seven-day adjournment. The court adjourned the trial
to October 15, 2018. For the reason stated above, only 14 days of delay are chargeable to
the People for the period between August 23, 2018 to October 15, 2018.
From October 15, 2018 to November 14, 2018, only four days should be charged to
the People, as they filed an off-calendar statement of readiness on October 19, 2018. In
view of the foregoing, the Criminal Court properly denied defendant's CPL 30.30
motion, as only 71 days were chargeable to the People.
At the trial, the People's witnesses, including a veterinarian, testified that defendant's
two dogs, named Alexis and Andy, had very large, dense hair matting that had occurred
over months, if not years, and their hair was stained due to prolonged contact with urine
and feces. The matted hair caused inflammation to the dogs' skin, and, if left untreated,
could have resulted in loss of [*4]blood supply and
possible amputation of a limb. The matting was treated by shaving off the dogs' hair
close to the skin. According to the veterinarian's testimony, the matting had a very foul
odor and a strong ammonia smell that burned her eyes and nose. Additionally, the
testimony demonstrated that Andy was unable to walk due to the severe matting of his
hair. In its charge to the jury, over objection by defendant, the court defined the term
"sustenance," as set forth in Agriculture and Markets Law § 353, to mean
"veterinary care and shelter adequate to maintain health and comfort."
Pursuant to Agriculture and Markets Law § 353, "[a] person who overdrives,
overloads, tortures . . . or deprives any animal of necessary sustenance, food or drink, or
neglects or refuses to furnish it such sustenance or drink . . . is guilty of a class A
misdemeanor." The offense does not require that the animal sustain an injury as a result
of a defendant's conduct (see Agriculture and Markets Law § 350 [2]; People v Robinson, 56 Misc 3d
77, 79 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). A violation of
the statute is established upon proof that a defendant was entrusted with the care of an
animal and that the animal was not being provided with the necessary sustenance (see People v Neira, 55 Misc 3d
149[A], 2017 NY Slip Op 50729[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2017]; People v Richardson,
15 Misc 3d 138[A] 2007 NY Slip Op 50934[U], *2 [App Term, 2d Dept, 9th &
10th Jud Dists 2007]).
Here, contrary to defendant's contentions, the allegations in the underlying
superseding information were facially sufficient to support the charges in the prosecutor's
information (see CPL 100.40 [3]; 100.35, 100.50 [2]). The prosecutor's
information supplied defendant with sufficient notice of the charged offenses "to satisfy
the demands of due process and double jeopardy" (People v Dreyden, 15 NY3d 100, 103 [2010]; see People v Kalin, 12 NY3d
225, 231-232 [2009]; People v Casey, 95 NY2d 354, 366 [2000]).
Upon the exercise of this court's factual review power (see CPL 470.15 [5];
People v Danielson, 9
NY3d 342, 348-349 [2007]), while according great deference to the jury's
opportunity to view the witnesses, hear their testimony, observe their demeanor, and
assess their credibility (see People v Mateo, 2 NY3d 383, 410 [2004]; People
v Bleakley, 69 NY2d 490, 495 [1987]), we find, contrary to defendant's contention,
that the verdict convicting defendant of two counts of violating Agriculture and Markets
Law § 353 was not against the weight of the evidence (see People v Romero, 7 NY3d
633, 643-646 [2006]).
Defendant's contention that the Criminal Court failed to properly instruct the jury on
the element of sustenance is without merit. "The term 'sustenance,' as set forth in the
statute, has been held to be distinguishable from the term 'food or drink' and to include
veterinary care and shelter adequate to maintain the animal's health and comfort"
(Richardson, 2007 NY Slip Op 50934[U], *2; see People v Blackman, 66
Misc 3d 145[A], 2020 NY Slip Op 50202[U] [App Term, 2d Dept, 9th & 10th
Jud Dists 2020]; People v
Mahoney, 9 Misc 3d 101 [App Term, 2d Dept, 9th & 10th Jud Dists
2005]). The court's charge correctly defined sustenance to include "veterinary care and
shelter adequate to maintain the animal's health and comfort" (Richardson, 2007
NY Slip Op 50934[U], * 2). Consequently, the jury charge, read as a whole, conveyed
the proper principles of law (see CPL 300.10 [2]; see generally People v
Magliocco, 199 AD3d 705 [2021]).
It is well established that " 'a prospective juror whose statements raise a serious
doubt regarding the ability to be impartial must be excused unless the juror states
unequivocally on the [*5]record that he or she can be fair
and impartial' " (People v
Harris, 19 NY3d 679, 685 [2012], quoting People v Chambers, 97 NY2d
417, 419 [2002]; accord People
v Warrington, 28 NY3d 1116, 1119-1120 [2016]; see People v Arnold,
96 NY2d 358, 363 [2001]; People v Johnson, 94 NY2d 600, 614 [2000]). "The
CPL does not require any particular expurgatory oath or talismanic words to resolve
doubt about a potential juror's ability to be fair" (Warrington, 28 NY3d at 1121
[internal quotation marks, brackets and ellipsis omitted]), and "the determination of a
prospective juror's fitness to serve is 'committed largely to [the] judgment of the Trial
Judge with his [or her] peculiar opportunities to make a fair evaluation' " (People v
Giuliani, 47 Misc 3d 31, 33 [App Term, 2d Dept, 9th & 10th Jud Dists 2014],
quoting People v Williams, 63 NY2d 882, 885 [1984]; accord People v Hall, 59 Misc
3d 137[A], 2018 NY Slip Op 50566[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2018]; see Warrington, 28 NY3d at 1121). 
In Chambers (97 NY2d 417), the Court of Appeals, noting that "[f]or more
than a century, a juror's use of the word 'think' has been challenged as equivocal," held
that such usage "is not a talismanic word that automatically makes a statement equivocal"
(id. at 419); rather, such an expression should be "taken in context and [the voir
dire considered] as a whole" (id.; see also People v Shulman, 6 NY3d 1, 28 [2005]).
The court did not improvidently exercise its discretion in denying defendant's
challenge for cause (see Warrington, 28 NY3d at 1120-1121; Arnold, 96
NY2d at 362-363). The prospective juror's statements, "in context and as a whole," did
not cast serious doubt on her ability to follow the court's instructions and render an
impartial verdict (Chambers, 97 NY2d at 419; see People v Toledo, 101
AD3d 571 [2012]). We note that defendant did not avail himself of the opportunity
to ask any follow-up questions of this prospective juror.
Accordingly, the judgment of conviction is affirmed.
WESTON, J.P., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 16, 2022