People v Burgess (2025 NY Slip Op 51129(U))

[*1]

People v Burgess

2025 NY Slip Op 51129(U)

Decided on July 22, 2025

Criminal Court Of The City Of New York, New York County

McDonnell, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 22, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York

against
Jasmine Burgess, Defendant.

Docket No. CR-005288-25NY

ADA Eric Lim, and Dan-Devarha St. Juste, of The Legal Aid Society

Janet McDonnell, J.

BACKGROUND
Defendant is charged with Agriculture and Markets Law ("AML") §§ 353 and 356 for allegedly engaging in neglect and omissions as they related to the care of her dog, Chopper, the consequences of which resulted in his death. 
On June 16, 2025, defendant moved for an order dismissing the accusatory instrument as facially insufficient pursuant to Criminal Procedure Law ("CPL") 100.40, 170.30(1)(a), and 170.35(a)(a), or, alternatively, for an order suppressing evidence of items recovered from defendant's home and statements made by defendant pursuant to Mapp/Dunaway and Huntley/Dunaway, respectively, an order directing the prosecution to provide a Bill of Particulars pursuant to CPL 200.95(2), an order precluding evidence of defendant's prior convictions or bad acts or a hearing pursuant to Sandoval, and an order for other miscellaneous relief discussed below in additional detail. On July 7, 2025, the People opposed defendant's motion. Upon review and consideration of the submissions, court file, and relevant legal authority, the Court issues this Decision and Order. 
 
DISCUSSION
To be facially sufficient, an information must contain non hearsay allegations that, if accepted as true, establish every element of the offense(s) charged and the defendant's commission thereof. (People v. Kalin, 12 NY3d 225, 228-229 [2009]). If it does not, then it is jurisdictionally defective. (Id., at 229). An information serves the same role in a misdemeanor prosecution that an indictment serves in a felony prosecution. (People v. Dumay, 23 NY3d 518, 522 [2014]). This "prima facie" standard is "not nearly so stringent as the burden of proof beyond a reasonable doubt required to convict or even the legally sufficient evidence necessary to survive a motion to dismiss." (People v. Guaman, 22 NY3d 678, 681 [2014]). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed . . . they should be given a fair and not overly restrictive or technical reading." (People v. Casey, 95 NY2d 354, 361 [2000]). Courts are also to interpret the Penal Law "according to the fair import of their terms to promote justice and effect the objects of the law." (People v. Ditta, 52 NY2d 657, 660 [1981]) (quoting Penal Law § 5.00). This review [*2]is confined, moreover, to the four corners of the information and or annexed supporting deposition(s). (People v. Thomas, 4 NY3d 143, 146 [2005]). 
Pursuant to AML § 353:
"A person who overdrives, overloads, tortures or cruelly beats or justifiably injures, maims, mutilates or kills any animal, whether wild or tame, and whether belonging to himself or to another, or deprives any animal of necessary sustenance, food or drink, or neglects or refuses to furnish it such sustenance or drink, or causes, procures or permits any animal to be overdriven, overloaded, tortured, cruelly beaten, or unjustifiably injured, maimed, mutilated or killed, or to be deprived of necessary food or drink, or who willfully sets on foot, instigates, engages in, or in any way furthers any act of cruelty to any animal, or any act tending to produce such cruelty, is guilty of a class A misdemeanor . . . ".
Pursuant to AML § 356:
"A person who, having impounded or confined any animal, refuses or neglects to supply such animal during its confinement a sufficient supply of good and wholesome air, food, shelter and water, is guilty of a misdemeanor . . . ". Defendant's motion focuses exclusively on § 353. The sum of her argument is that the accusatory instrument is defective and must be dismissed because it establishes only that "[she] is alleged to have owned a dog and that the deceased animal was found at an address associated to her." In opposition, the People highlight the supporting deposition provided by the forensic veterinarian who conducted Chopper's postmortem examination. More specifically, Dr. Bruno indicated that Chopper had visibly bony prominences due to being underweight to an unhealthy degree; Chopper had extremely dirty, wet, and foul smelling hair caused by his own urine and liquid feces; Chopper lacked internal fat tissue consistent with being very underweight; Chopper's intestines contained black stool from digested blood; Chopper did not have an underlying disease that would explain his unhealthy body condition; Chopper lost substantial fat and tissue over time; Chopper's intestinal findings are common in animals that suffered inadequate nutrition over extended periods of time; and that Chopper experienced pain and extreme distress from a lack of clean water and food. Also, the accusatory instrument alleges that defendant stated during a phone call with police that she was Chopper's owner. 
It is clear from a review of the accusatory instrument that the theory of defendant's culpability is not based on a singular intentional act; rather, the instrument alleges neglect and omissions in the form of defendant's failure to provide Chopper with sustenance, food, or drink, failure to provide for his hygiene/physical health, and/or failure to seek medical care for him once the clear and objective signs indicated that he was suffering from inadequate sustenance (e.g. the condition of his hair as well as "multiple visible bony prominences including [his] pelvic bones, rib bones, and tops of the vertebral bones"). 
The People are correct that intent is not a required element of the charged offenses. (People v Robinson, 56 Misc 3d 77 [App Term 2017]) (holding there is no requirement that a person have a culpable mental state); (People v Vega, 77 Misc 3d 136[A], 2022 NY Slip Op 51349[U] [App Term 2022]) (holding "a violation of the statute is established upon proof that a defendant was entrusted with the care of an animal and that the animal was not being provided with the necessary sustenance") (citations omitted); (People v Torres, 69 Misc 3d 128[A], 2020 [*3]NY Slip Op 51130[U] [App Term 2020]) (holding reasonable cause established where a dog's owner failed to provide the dog with proper food and sustenance in that the dog was found emaciated and covered in urine and feces in an abandoned apartment at the defendant's address); (People v King, 84 Misc 3d 126[A], 2024 NY Slip Op 51345[U] [App Term 2024]) (finding facial sufficiency when arresting officer found a severely matted and urine soaked dog inside defendant's apartment with no food or water). The Court finds the accusatory instrument in this case to contain remarkably similar allegations to those cases, all of which found the accusatory instruments to be facially sufficient. 
The case law upon which defendant relies is likewise inapposite. In Miller, the court dismissed a complaint for facial insufficiency. (People v Miller, 45 Misc 3d 1209[A], 2014 NY Slip Op 51507[U] [Crim Ct, New York County 2014]). There, a responding officer observed the complainant bleeding from her nose, and defendant was the only other person present. (Id.) The court dismissed the accusatory instrument because there was no indication as to how the complainant was injured. (Id.). In other words, the accusatory instrument was facially insufficient because there was no nexus between the defendant and her inflicted injury. Similarly, in Caba, the court dismissed the complaint as facially insufficient because there was no nexus that tied the defendant to the fractures his dog suffered after he left his dog alone on the roof of his apartment. (People v Caba, 82 Misc 3d 1246[A], 2024 NY Slip Op 50552[U] [Crim Ct, New York County 2024]). Those fractures were consistent, moreover, with intentionally inflicted blunt force trauma, but there was no connection — whether direct or inferential — to the defendant as the perpetrator of the inflicted injuries. (Id.). 
The nature of Chopper's injuries and the circumstances through which they were allegedly caused are inherently different than those discussed in Miller and Caba; therefore, this matter is starkly distinguishable. The injuries in Miller and Caba were the result of intentional acts and did not develop from a lack of sustenance, food, or drink; Miller is further distinguishable because it did not feature a human/dog relationship in which the dog was dependent upon the human/owner for sustenance or from which an obligation to provide sustenance could be argued. The allegations here are also not that Chopper suffered an intentionally inflicted injury and that the defendant was the only person present (or not present) at the time the intentionally inflicted injury occurred. Instead, the four corners of the accusatory instrument connect defendant to Chopper because she admitted she was Chopper's owner, and Chopper was in her apartment in the unhealthy condition as described supra. Further, the supporting deposition states that Chopper did not suffer from an underlying disease that would have caused his condition. Consistent with Robinson, Vega, Torres, and King, these allegations are facially sufficient. 
This fair and not overly restrictive reading of the accusatory instrument attributes the extended lack of sustenance, food or drink to which Chopper is alleged to have succumbed to defendant, and thus, it provides her adequate notice to prepare her defense(s).[FN1]
The exception to § 353 also does not apply because the allegations occurred at defendant's residential apartment, and the Court rejects any suggestion that Chopper's demise was part of a properly conducted [*4]scientific test, experiment, or investigation. See CJI2d [NY] AML § 353 (explaining "[i]f applicable and viewed as a defense, then upon it being raised, the court will need to inform the jury of the applicable portion just before instructing the jury on the elements of the offense . . . ".). 
Accordingly, the accusatory instrument is facially sufficient, and defendant's motion to dismiss for facial insufficiency is hereby denied. 
Defendant's remaining requests for relief are decided as follows:

1. Defendant's motion to suppress statements, or, alternatively, for a Huntley/Dunaway hearing, is granted, insofar as a Huntley/Dunaway hearing is ordered. To the extent that there are additional unnoticed statements that People wish to use on cross-examination, the People are directed to inform the Court of such so that a proper determination about a voluntariness hearing can be made.
2. Defendant's motion to suppress physical evidence, or, alternatively, for a Mapp/Dunaway hearing, is granted, insofar as a Mapp/Dunaway hearing is ordered solely for Chopper's body.
3. With respect to the defendant's motion to preclude unnoticed statement and identification evidence pursuant to CPL § 710.30, the People are directed to advise the Court and the defense whether any such evidence exists and whether good cause exists for the delay so that a proper determination can be made.
4. The defendant's request for a Bill of Particulars is denied. The Automatic Discovery Form, indictment, and affirmation in response to defendant's motion "adequately apprise defendant of the charges against him with sufficient specificity to enable him to prepare and conduct a defense." People v. Elliot, 299 AD2d 731, 732 (3d Dept. 2002); CPL §200.95.
5. The parties are expected to comply with their statutory and constitutional discovery obligations. To the extent the People have not previously done so, the People are directed to preserve and provide pre-trial disclosure of all materials subject to CPL §§245.20, 200.95, and 245.55 that are not subject to delayed disclosure.
6. The People are reminded to adhere to their Brady/Vilardi obligations. Defendant's request that the People file an additional certificate of compliance to that effect under CPL §245.35(3) is denied.
7. The People's request for reciprocal discovery is granted. Defendant is reminded of the reciprocal discovery requirements set forth in CPL §245.20(4) and directed to file a Certificate of Compliance pursuant to CPL §245.50(2).
8. Defendant's request for a Sandoval hearing pursuant to People v. Sandoval, 34 NY2d 371 (1974), is granted and deferred to the trial court.
9. Defendant's reservation to make additional motions as necessary is granted to the extent that they are based on new facts or law that "defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised" pursuant to the time requirements found in CPL § 255.20(3).
10. The People's request for reciprocal discovery is granted. Defendant is reminded of the reciprocal discovery requirements set forth in CPL § 245.20(4) and directed to file a Certificate of Compliance pursuant to CPL § 245.50(2).
This constitutes the Decision and Order of the Court.
Dated: July 22, 2025
New York, New York

Footnotes

Footnote 1:Any factual defenses are issues for trial and not proper during a review for facial sufficiency. (People v Givens, 66 Misc 3d 1231[A], 2020 NY Slip Op 50334[U] [Crim Ct, Kings County 2020]).