People v McBride (2025 NY Slip Op 51715(U))

[*1]

People v McBride

2025 NY Slip Op 51715(U)

Decided on October 24, 2025

Criminal Court Of The City Of New York, New York County

Lally, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 24, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York

against
Savian McBride, Defendant.

Docket No. CR-001320-25NY

For Defendant: Naomi Oberman-Breindel, Esq., Neighborhood Defender Service of Harlem, 317 Lenox Avenue, 10th Floor, New York, NY 10027
For the People: Samantha Bugner, Esq., New York County District Attorney's Office, One Hogan Place, New York, New York 10013

Kacie A. Lally, J.

Defendant Savian McBride stands charged with Failure to Provide Proper Food and Drink to an Impounded Animal, pursuant to Agriculture and Markets Law § 356. He moves for an order: (1) dismissing the superseding information (SSI) on the ground that it is facially insufficient; (2) suppressing physical evidence; (3) suppressing and precluding statement evidence; (4) precluding identification evidence; and (5) granting a Sandoval hearing. For the reasons set forth below, the Defendant's motion to dismiss the SSI is granted; sealing is stayed for 30 days.
I. Factual Allegations
According to the SSI, at 12:45 p.m. on July 28, 2024, inside 898 St. Nicholas Avenue, New York, New York, NYPD Officer Tommy Sanchez observed "a male, brindle and white Pitbull dog standing in a crate." Officer Sanchez further observed "the dog without a sufficient amount of food or water inside the crate."
Dr. Robert Reisman, a forensic veterinarian at the American Society for the Prevention of Cruelty to Animals, examined the dog, and viewed a photograph of the dog inside the crate. Dr. Reisman "observed that the dog was unable to stand completely erect, lie down, and extend its legs," and that the crate "the dog was confined in was too small for him to live comfortably."
In addition, on August 26, 2024, at 1:55 p.m., "the defendant, via telephone, stated in substance to [NYPD Detective Robert Yeaman]: 'I have had Bullet since he was a puppy and I want him back.'"
II. Legal Standards
An information must contain factual allegations providing reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information, and non-hearsay factual allegations establishing, if true, that the defendant committed every element [*2]of the offense charged. (CPL 100.40 [1] [b]-[c]) This latter requirement—the "prima facie case requirement"—" 'is not the same as the burden of proof beyond a reasonable doubt required at trial,' nor does it rise to the level of legally sufficient evidence that is necessary to survive a motion to dismiss based on the proof presented at trial" (People v Smalls, 26 NY3d 1064, 1066 [2015], quoting People v Kalin, 12 NY3d 225, 230 [2009]). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]).
III. Analysis
(A) Facial Sufficiency
The Defendant moves to dismiss the SSI as facially insufficient. For the reasons set forth below, the motion is granted.
A person violates Agriculture and Markets Law § 356 when he has impounded or confined any animal, and "refuses or neglects to supply to such animal during its confinement a sufficient supply of good and wholesome air, food, shelter and water" (Agriculture and Markets Law § 356). The Defendant argues that the SSI fails to sufficiently allege that he was the person who confined the dog, or the duration of such confinement. He also asserts that Agriculture and Markets Law § 356 applies only to non-owner conduct.
The People respond that the SSI sets forth sufficient facts to establish that the Defendant was the dog's owner, and thus entrusted with the dog's care. The People further argue that neither intent [FN1]
nor duration of confinement are elements of the offense, and that the statute applies to owner conduct.
i. Ownership
As an initial matter, the Defendant argues that Agriculture and Markets Law § 356 applies only to non-owner conduct (see affirmation of the Defendant's counsel at 7, ¶ 14, citing Chenango Cty Humane Soc v Polmatier, 188 AD 419, 421 [3d Dept 1919]). Recent case law, however, routinely charges animal owners with violating this statute (see People v Grant, 189 AD3d 1458 [2d Dept 2020]; People v Burgess, 86 Misc 3d 1238[A], 2025 NY Slip Op 51129[U] [Crim Ct, NY County 2025]; People v Hock, 31 Misc 3d 896 [Crim Ct, Kings County 2011]; People v Linder, 156 Misc 2d 417 [Crim Ct, Richmond County 1992]). Additionally, a plain reading of the statute shows that it applies to a person who has "impounded or confined any animal," which does not indicate that a commercial relationship is required (see also People Meadows, 57 Misc 3d 876 [Ontario County Ct 2017] [rejecting argument that use of the word "pound" in Agriculture and Markets Law § 356 limits its application to professional dog pounds or kennels, holding that statute applies to any person who has "impounded or confined any animal," and noting statute should be read broadly to encompass mistreatment of any confined animal]). The Defendant's application to dismiss the SSI on this basis is therefore denied.
ii. Identity
The factual portion of an accusatory instrument must allege "facts of an evidentiary character" supporting a defendant's identity as the perpetrator of the charged offense (CPL 100.15 [3]; see People v Gaddy, 51 Misc 3d 1205[A], *2, 2016 NY Slip Op 50426 [U] [Crim Ct, [*3]NY County 2016]). Facts of an evidentiary character are "nonconclusory descriptions of what the deponent personally observed, heard or experienced" (People v Concepcion, 36 Misc 3d 551, 553 [Crim Ct, NY County 2012]). Conclusory statements unsupported by facts showing the basis for the conclusion do not satisfy this requirement (see People v Dumas, 68 NY2d 729, 731 [1986]; People v Kalin, 12 NY3d 225, 229 [2009]).
Here, the People assert that the Defendant's alleged statement to Detective Yeaman via telephone, "I have had Bullet since he was a puppy and I want him back," is, without more, sufficient to establish that the Defendant confined the dog to the crate. The Court disagrees.
First, the SSI fails to establish the basis for Detective Yeaman's belief that the person he was speaking with was the Defendant (see People v Gunther, 83 Misc 3d 1, *4 [App Term, 1st Dept 2024]). The SSI does not allege that the Defendant identified himself, that Detective Yeaman recognized the Defendant's voice, or that Detective Yeaman recognized the telephone number as belonging to the Defendant (see People v Shaw, 2002 NY Slip Op 40486[U] [App Term, 2d Dept 2002]; see also, People v Velez, 58 Misc 3d 1213[A], 2018 NY Slip Op 50102[U] [Crim Ct, Bronx County 2018] [accusatory instrument held insufficient where it failed to allege that complainant recognized defendant's voice or telephone number]; People v Garcia, 48 Misc 3d 1204[A], 2015 NY Slip Op 50955[U] [Crim Ct, NY County 2018] [failure to allege factual basis for complainant's knowledge that it was defendant who made threat via telephone rendered information facially insufficient]).[FN2]
Nor does the SSI connect the dog found in the crate on July 28, 2024, to the dog identified as "Bullet" in the Defendant's alleged statement from almost a month later, on August 26, 2024.
Second, the SSI does not otherwise connect the Defendant to the dog in the crate. The SSI alleges only that Officer Sanchez observed a Pitbull standing in a crate "inside 898 St. Nicholas Avenue." The SSI does not allege that this address is the Defendant's home, or any other location connected with the Defendant. Nor does it assert that the Defendant was found in proximity to the crate, or that he had been observed by others near the dog or crate.[FN3]
 Accordingly, the alleged statement on August 26, 2024, that "I have had Bullet since he was a puppy and I want him back," is, without more, insufficient to establish that it was the Defendant who confined the dog in a crate on July 28, 2024.
iii. Duration of Confinement
According to the SSI, on July 28, 2024, at 12:45 p.m., Officer Sanchez observed "the dog without a sufficient amount of food or water inside the crate." The People argue that they need not allege a specific duration of confinement, and that the allegation is thus sufficient to establish [*4]that the Defendant failed to provide the dog with "a sufficient supply" of food and water (Agriculture and Markets Law § 356).
A particular duration of confinement is not an element of Agriculture and Markets Law § 356. The cases cited by the People, however, are instructive.[FN4]
In each of these cases, the accusatory instrument alleged indicia that the animal was left without food and water for a period of time (see People v King, 84 Misc 3d 126[A], 2024 NY Slip Op 51345[U] [App Term, 1st Dept 2024] [dog had severely matted coat, smelled of urine, and there were no food or water dishes for dog inside apartment]; People v Vega, 77 Misc 3d 136[A], 2022 NY Slip Op 51349[U] [App Term, 2d Dept 2022] [dogs were locked in dark room with no food or water, feces on floor and on dogs' paws, strong odor of urine, dogs had heavily matted fur and nails grown so long they could not walk]; People v Torres, 69 Misc 3d 128[A], 2020 NY Slip Op 51130[U] [App Term, 2d Dept 2020] [dog found inside abandoned apartment at defendant's address, with no food or water, severely emaciated, and covered in urine and feces]).
Here, in contrast, the SSI states that on a particular date at a specific time, the dog was in a crate "without a sufficient amount" of food or water. It does not allege that there was no food or water in the crate, only that the amount was, in Officer Sanchez's estimation, insufficient. Such conclusory language is inadequate to allege a violation of Agriculture and Markets Law § 356. Nor does the SSI allege, for example, that the dog appeared malnourished or otherwise in distress (see King, 2024 NY Slip Op 51345[U]; Vega, 2022 NY Slip Op 51349[U]; Torres, 2020 NY Slip Op 51130[U]). While in general, an accusatory instrument need not allege a specific time frame of confinement, nor particular indicia of distress, here, the SSI fails to allege specific facts to establish that the Defendant "refuse[d] or neglect[ed] to supply" the dog with sufficient food or water.
Accordingly, the accusatory instrument is facially insufficient; the Defendant's motion to dismiss the SSI is granted. The Court will stay sealing for 30 days.
(B) Remaining Motions
As the Defendant's motion to dismiss the accusatory instrument is granted, the Court need not address the remaining motions.
This opinion constitutes the decision and order of the Court.
Dated: October 24, 2025
New York, New York
Kacie A. Lally, J.C.C.

Footnotes

Footnote 1:The Defendant does not raise a challenge based upon intent.

Footnote 2:Similarly, when a complainant identifies a perpetrator based upon an observation of that individual, the accusatory instrument must allege sufficient facts to establish the complainant's basis for recognizing that person (see People v Jackson, 75 Misc 3d 203 [Crim Ct, Bronx County 2022] [no facts alleged in accusatory instrument indicating how complainant was able to identify an individual observed on video surveillance as defendant]).

Footnote 3:The People's opposition brief asserts that the address set forth in the SSI is, in fact, the Defendant's residence. In determining facial sufficiency, however, the Court may consider only the allegations within the four corners of the accusatory instrument, along with any supporting depositions (see People v Thomas, 4 NY3d 143 [2005]).

Footnote 4:As the People note in their opposition brief, few published cases interpret Agriculture and Markets Law § 356. The People, therefore, cite cases interpreting Agriculture and Markets Law § 353, which contains statutory language similar to that of Agriculture and Markets Law § 356. A person violates Agriculture and Markets Law § 353 when he, inter alia, "deprives any animal of necessary sustenance, food or drink, or neglects or refuses to furnish it such sustenance or drink."