People v Walker (2023 NY Slip Op 51119(U))

[*1]

People v Walker (Dorene)

2023 NY Slip Op 51119(U)

Decided on October 23, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 23, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, Michael, JJ.

570157/19

The People of the State of New York, Respondent,
against
Dorene Walker, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Mary L. Bejarano, J.), rendered January 28, 2019, convicting her, upon her plea of guilty, of providing inadequate shelter for dogs left outdoors (see Agriculture and Markets Law § 353-b), and imposing sentence.

Per Curiam.
Judgment of conviction (Mary L. Bejarano, J.), rendered January 28, 2019, reversed, on the law, and the accusatory instrument dismissed.
Defendant was charged with violating section 353 of Agriculture and Markets Law (overdriving, torturing and injuring animals; failure to provide proper sustenance), after two emaciated and unsanitary dogs were found inside a certain East 181st Street apartment. Defendant pleaded guilty pursuant to a repleader agreement, which ultimately resulted in a conviction of a lesser offense and a sentence of a conditional discharge. On appeal, defendant challenges the sufficiency of the accusatory instrument, claiming that it did not connect her to the dogs at issue or to the apartment where the dogs were found. 
Since defendant waived the right to be prosecuted by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518 [2014]). Under that standard, the complaint must allege "facts of an evidentiary character supporting or tending to support the charges" (CPL 100.15 [3]), and the factual allegations must "provide reasonable cause to believe that the defendant committed the offense charged" (CPL 100.40 [4][b]; see People v Dumay, 23 NY3d at 522).
Here, we agree with defendant that the complaint is jurisdictionally defective. While the complaint details the visibly compromised state of health and living conditions of the two dogs, it does not allege, and there is no basis for inferring, that defendant committed any affirmative act of physical abuse or passive conduct of neglect toward the dogs. Indeed, the complaint contains [*2]no factual allegations whatsoever connecting defendant to the animals at issue or to the apartment where the animals were found (compare People v Jimenez, 39 NY3d 74 [2022] [defendant struck a dog with a stick]; People v Fernandez, 73 Misc 3d 129[A], 2021 NY Slip Op 50906[U] [App Term, 1st Dept 2021], lv denied 37 NY3d 1096 [2021] [emaciated dog found inside defendant's apartment]; People v Torres, 69 Misc 3d 128[A], 2020 NY Slip Op 51130[U][App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020], lv denied 36 NY3d 977 [2020] [defendant was resident of apartment where emaciated dog was found]; People v Cherry, 57 Misc 3d 30 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017], lv denied 30 NY3d 1018 [2017][emaciated dogs under defendant's care]; People v Arcidicono, 75 Misc 2d 294 [Suffolk Dist Ct 1973], affd 79 Misc 2d 242 [App Term, 2d Dept, 9th & 10th Jud Dists 1974][defendant was in charge of feeding animal]; see also Jed L. Painter, 2019 Practice Commentaries, McKinney's Cons Laws of NY, Book 2B, Agriculture and Markets Law § 353 ["there is no element of ownership in section 353 ..., [h]owever to avoid complete and utter attenuation, case law has recognized that there must be at least some measure of 'responsibility' for the animal victim in question"]). Given the absence of such factual allegations, the complaint fails to meet the reasonable cause requirement and must be dismissed (see People v Dreyden, 15 NY3d 100, 103 [2010]; CPL 100.40[4][b]; People v Dumay, 23 NY3d at 522).
Furthermore, the court cannot look beyond the four corners of the accusatory instrument in an attempt tosalvage the instrument's sufficiency (see People v Slade, 37 NY3d 127, 136-137 [2021]; People v Hardy, 35 NY3d 466, 475 [2020]). Thus, the People's CPL 710.30 notice, containing defendant's statement to police at the time of arrest, cannot be used to rectify the deficiencies in the complaint. "It is the People's responsibility to obtain a sworn statement with the correct factual allegations and proceed on a superseding instrument" (People v Hardy, 35 NY3d at 475).
In light of our disposition, we need not address defendant's remaining claims. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: October 23, 2023